STATE OF NORTH CAROLINA v. LARRY J. MITCHELL

No. 7412SC873

(Filed 5 February 1975)

1. **Criminal Law § 113—instructions — acting in concert — aiding and abetting**

    If the defendant is present with another and with a common purpose does some act which forms a part of the offense charged, the trial judge must explain and apply the law of "acting in concert"; if the defendant was actively or constructively present. and did no act necessary to constitute the crime but aided and abetted another in the commission thereof, the trial judge must explain and apply the law of "aiding and abetting."

2. **Criminal Law § 113— instructions — acting in concert — insufficiency of evidence**

    Where the evidence showed that defendant did all of the acts necessary to constitute the crime of armed robbery of one person but none of the acts necessary to constitute armed robbery of a second person, the trial court erred in applying the law of "acting in concert" to the charge of armed robbery of the second person.

3. **Criminal Law § 134— necessity for sentence as "committed youthful offender"**

    The trial court may not sentence a youthful offender as a "regular youthful offender" without finding that defendant would not derive benefit from treatment and supervision as a "committed youthful offender," but such finding need not be accompanied by supporting reasons. G.S. 148-49.4.

APPEAL by defendant from *Smith, Judge,* 20 May 1974 Session of Superior Court held in CUMBERLAND County. Heard in the Court of Appeals 14 January 1975.

In separate bills of indictment, defendant was charged with (1) armed robbery of Gary M. Twing, and with (2) armed robbery of Russell M. Wyler. The cases were consolidated for trial and defendant pled not guilty to both charges.

It appears from the State's evidence that about 3:00 o'clock a.m. on 30 May 1974, Gary M. Twing and Russell M. Wyler, soldiers stationed in nearby Ft. Bragg, were standing at a bus stop with about twenty other people on the 500 block of Hay Street, a main street in the City of Fayetteville, in an area where various forms of entertainment, including go-go clubs and massage parlors, are offered to the public in general and soldiers in particular. The lighting conditions were good.

State v. Mitchell

Defendant, age 17, walked up about five or six feet from the waiting group and said to Wyler, "Come here." Wyler walked over and defendant pulled out a razor, held it a few inches from his upper body and told Wyler that he wanted his wallet. Wyler's friend, Twing, then walked over and one Donald Tucker, standing near the defendant, put a knife against Twing's throat and demanded his wallet. Each soldier complied with the demand. The defendant took $3.00 from Wyler's wallet and Tucker took $50.00 from Twing's wallet.

Witness for the State, Scott Smith, testified that he was standing across the street and that it appeared to him that a robbery was taking place; that he lived in the area and observed a lot of robberies there and that he just usually looked at them and went on. He saw the defendant and Tucker leave the scene, walk across Hay Street and enter the Rose Hotel. The robbery was immediately reported to the city police, and they apprehended the defendant and Donald Tucker together in a room at the Rose Hotel.

The jury found defendant guilty in each case and also found Donald Tucker guilty of armed robbery of Wyler and armed robbery of Twing. Judgment was entered sentencing defendant for the armed robbery of Russell E. Wyler (File No. 74CR10258) to imprisonment for a term of not less than sixteen nor more than twenty years as a "regular youthful offender." For the armed robbery of Gary M. Twing, (File No. 74CR14017) he was sentenced to imprisonment for a term of not less than sixteen nor more than twenty years as a "regular youthful offender." Defendant appealed.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Ann Reed for the State.*

*Assistant Public Defender H. Gerald Beaver for defendant appellant.*

CLARK, Judge.

The defendant assigns as error the following portion of the Judge's charge:

"[F]or a person to be guilty of a crime, it is not necessary that he, himself do all the acts necessary to constitute a crime.

That two or more persons acting together with a common purpose to commit a crime, and in this case, a crime of robbery with a dangerous weapon, each of them is held responsible for the acts of the others condoning in the commission of a crime."

The defendant contends that "condone" means silent approval and that the court misstated the law of "aiding and abetting."

A participant in the commission of a felony may be a principal in the first degree or a principal in the second degree. A person who actually commits the offense or is present with another and does some act which forms a part thereof, although not doing all of the acts necessary to constitute the crime, is a principal in the first degree. One who is actually or constructively present when the crime is committed and aids or abets the other in its commission is a principal in the second degree. Both are equally guilty. *State v. Minton,* 234 N.C. 716, 68 S.E. 2d 844 (1952); *State v. Keller,* 268 N.C. 522, 151 S.E. 2d 56 (1966). In *State v. Allison,* 200 N.C. 190, 156 S.E. 547 (1931), the distinction between principals in the first and second degree was characterized as a distinction without a difference, but the distinction is still maintained in recent decisions. See *State v. Wiggins,* 16 N.C. App. 527, 192 S.E. 2d 680 (1972); *State v. Lyles,* 19 N.C. App. 632, 199 S.E. 2d 699 (1973).

[1] Though "principals in the first and second degree" have disappeared from courtroom parlance, the trial judge has the burden of recognizing the difference where there is evidence that the defendant and another are associated in the perpetration of the crime charged. If the defendant is present with another and with a common purpose does some act which forms a part of the offense charged, the judge must explain and apply the law of "acting in concert." This would constitute a principal in the first degree under common law. If a defendant was actively or constructively present and did no act necessary to constitute the crime but aided and abetted the other in the commission thereof, the trial judge must explain and apply the law of "aiding and abetting." This would constitute a principal in the second degree under common law. Too, the evidence may require the judge to charge on both "acting in concert" and "aiding and abetting."

[2] According to the evidence in these cases, the defendant did all of the acts necessary to constitute the crime of armed

State v. Mitchell

robbery of Russell Wyler, but none of the acts necessary to constitute the crime of the armed robbery of Gary Twing. Under these circumstances, the law of "acting in concert" was not applicable to the charge of armed robbery of Gary Twing by the defendant, though the evidence may have been sufficient to constitute "aiding and abetting." Since a new trial is ordered on this charge, we do not rule on the use of the word "condone" in the challenged portion of the charge, which could possibly be a *lapsus linguae* or a transcript error since the charge otherwise is the same as that in "Pattern Jury Instructions."

[3]   The defendant contends that the court erred in sentencing the defendant as a "regular youthful offender" without finding that the defendant would not derive benefit from treatment and supervision as a "committed youthful offender."

Article 3A, Chapter 148 of the General Statutes, (G.S. 148-49.1 through 148-49.9) entitled "Facilities and Programs for Youthful Offenders" defines a "youthful offender" as a person under the age of twenty-one and a "committed youthful offender" as one sentenced under the article. The purpose of the Article, stated in G.S. 148-49.1, is to separate the youth from other and more experienced criminals, to provide a better method for treating youthful offenders, and to rehabilitate and successfully return them to the community.

To accomplish this purpose, the trial judge was given the sentencing option of committing the youthful offender to the custody of the Secretary of Correction for treatment and supervision, fixing a maximum term. G.S. 148-49.4. The "committed youthful offender" so sentenced receives special treatment in that he is to have a diagnostic and classification study, (G.S. 148-49.5) ; is to be placed in special facilities and given vocational, educational, and correctional training, (G.S. 148-49.7) ; is to be conditionally released in the discretion of the Secretary and Parole Commission, (G.S. 148-49.8(a)) ; and must be conditionally released within four years, (G.S. 148-49.8(b)).

The language in the Article affecting the sentencing role of the trial judge is found in the last sentence of G.S. 148-49.4 as follows:

" . . . If the court shall find that the youthful offender will not derive benefit from treatment and supervision pursuant to this Article, then the court may sentence the

youthful offender under any other applicable penalty provision."

It appears that our legislature followed the Federal Youth Corrections Act of 1950, 18 U.S.C.A. 5005, *et seq.,* since Section 5010 (d) provides as follows:

"If the court shall find that the youthful offender will not derive benefit from treatment . . . then the court may sentence the youth offender under any other applicable penalty provision."

⸗ In a recent decision, *Dorszynsky v. United States,* ____ U.S. ____, 94 S.Ct. 3042, 41 L.Ed. 2d 855 (1974), the Supreme Court of the United States ruled that in sentencing a youthful offender under other applicable penal statutes, a Federal District Court must make an express finding on the record that the offender would not benefit from treatment under the Federal Youth Corrections Act. The court did not require that such finding be accompanied by supporting reasons.

The quoted last sentence of G.S. 148-49.4 expresses a clear legislative intent that a youthful offender receive the benefit of a sentence as a "committed youthful offender," unless the trial judge shall find that he will not derive benefit from such sentence.

To comply with the manifest desires of the legislature that sentencing as a "committed youthful offender" be considered as one option when the defendant is eligible for it, the trial judge must make a "no benefit" finding or make some other finding that makes clear that he considered such option and decided that the defendant would not derive benefit therefrom, but it is not required that such finding be accompanied by supporting reasons.

In the case charging armed robbery of Gary Twing, (File No. 74CR14017) a new trial is ordered.

In the case charging armed robbery of Russell Wyler, (File No. 74CR10258) the judgment is vacated and this cause is remanded to the end that the Superior Court conduct further proceedings consistent with this opinion and resentence the defendant.

Chief Judge BROCK and Judge BRITT concur.