STATE OF NORTH CAROLINA v. TOMMY JONES, ALIAS TOMMY BRYANT

No. 7512SC98

(Filed 21 May 1975)

**Criminal Law § 134— sentence as regular youthful offender — finding required as to committed youthful offender**

> The trial court may consider sentencing a defendant as a "committed youthful offender" as a sentencing option when the defendant is eligible for it, but if the court decides the defendant would not

---

State v. Jones

---

benefit from such a sentence, he must make a finding which makes it clear that he did consider the option but decided defendant would derive no benefit therefrom; therefore, the trial court in this case erred in sentencing defendant on felonious breaking and entering charges as a "regular youthful offender" without the required finding. G.S. 148-49.4.

APPEAL by defendant from *Smith, Judge*. Judgment entered 3 October 1974, in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 9 April 1975.

Defendant was charged with felonious breaking and entering and felonious larceny. Upon his plea of not guilty, the jury returned a verdict of guilty as charged. From judgment sentencing him to imprisonment for a term of six years as a regular youthful offender for felonious breaking and entering, with vocational or educational training recommended by the court, and a consecutive term of four years as a committed youthful offender for felonious larceny, defendant appealed.

State's evidence tended to show that sometime between 8:00 p.m., Sunday, 24 March 1974 and 7:07 a.m., Monday, 25 March 1974, Willie's Auto Parts, Inc., was broken into and certain merchandise taken, and that defendant had not been given permission to enter the business during the time period in question. A participant in the break-in and larceny testified that the defendant participated in the break-in and larceny of certain items from the store.

*Attorney General Edmisten, by Associate Attorney Archie W. Anders, for the State.*

*Cherry and Grimes, by Sol G. Cherry, for defendant appellant.*

MORRIS, Judge.

With commendable candor, counsel for the defendant concedes that in his review of the record he has found no error. He requests however, that we examine the record for error. We have reviewed the organization of the court, the bill of indictment, and the plea, and find no error. With respect to the judgment, however, we find it necessary to remand this case for further proceedings and for resentencing. See *State v. Teat*, 24 N.C. App. 621, 211 S.E. 2d 816 (1975), *cert. den.* 286 N.C. 726 (1975). The judgment in this case provides as follows:

"As to felonious breaking or entering: It is adjudged that the defendant be imprisoned for the term of six (6) years in the North Carolina Department of Corrections as a *regular* youthful offender. This sentence shall be credited with ____ days confinement pending trial. The court recommends he receive vocational or educational training. The Court recommends that this defendant be incarcerated in some prison unit other than the prison unit where Daniel Putchaconis is incarcerated.

As to felonious larceny: It is adjudged that the defendant be imprisoned for the term of four (4) years in the North Carolina Department of Corrections as a *committed* youthful offender. This sentence is to begin at the expiration of the sentence imposed in the first count of felonious breaking or entering." (Emphasis supplied.)

This judgment was entered pursuant to Article 3A, Chapter 148 of the General Statutes (G.S. 148-49.1 through 148-49.9) which is entitled "Facilities and Programs for Youthful Offenders". The Article defines a "youthful offender" as a person under the age of 21 and a "committed youthful offender" as one sentenced under the Article. The purposes of this Article, according to G.S. 148-49.1, are "to improve the chances of correction, rehabilitation and successful return to the community of youthful offenders, sentenced to imprisonment by preventing, as far as practicable, their association during their terms of imprisonment with older and more experienced criminals, and by closer coordination of the activities of sentencing, training in custody, conditional release and final discharge".

The last sentence of G.S. 148-49.4 is as follows:

"If the court shall find that the youthful offender will not derive benefit from treatment and supervision pursuant to this Article, then the court may sentence the youthful offender under any other applicable penalty provision."

In *State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975), we said that the General Assembly by this sentence expressed its intent that a youthful offender shall receive the benefits of a sentence as a "committed youthful offender" unless the trial court shall find that he would "not derive benefit from treatment and supervision pursuant to" the statute. Therefore, the trial court may consider sentencing the defendant as a "committed youthful offender" as a sentencing option when

the defendant is eligible for it. If, however, he decides the defendant would not benefit from such a sentence, he must make a finding which makes it clear that he did consider the option but decided defendant would derive no benefit therefrom. He need not support this finding with his reasons therefor. *State v. Mitchell, supra,* at p. 488. Since the trial court sentenced the defendant on the felonious breaking and entering charges as a "regular youthful offender" without the required finding, that judgment must be vacated.

As to felonious breaking and entering—judgment vacated and cause remanded for further proceedings and resentencing.

As to felonious larceny—no error.

Judges VAUGHN and CLARK concur.