STATE OF NORTH CAROLINA v. CARL WORTHINGTON

No. 7522SC415

(Filed 1 October 1975)

1. Infants § 10— youthful offender — definition

   A youthful offender is a person under the age of 21 at the time of conviction. G.S. 148-49.2.

2. Criminal Law § 134— youthful offender — finding required prior to sentencing

   Before sentencing a youthful offender under any other applicable penalty provision, the judge must expressly state that he finds the defendant will not derive benefit from commitment as a "committed youthful offender"; such finding need not be accompanied by supporting reasons and is not a subject for appellate review.

ON *certiorari* to review trial before *Seay, Judge.* Judgment entered 10 February 1975 in Superior Court, IREDELL County. Heard in the Court of Appeals 15 September 1975.

Defendant entered pleas of guilty to four charges of felonious breaking or entering and three charges of felonious larceny. The cases were consolidated and a judgment imposing a prison sentence of ten years was entered. Defendant was then 16 years old.

*Attorney General Edmisten, by Assistant Attorney General Robert P. Gruber and Associate Attorney Jerry J. Rutledge, for the State.*

*Jay F. Frank, for defendant appellant.*

VAUGHN, Judge.

[1] A youthful offender is a person under the age of 21 at the time of conviction. G.S. 148-49.2.

. When sentencing a youthful offender. the court may commit him to the custody of the Secretary of Correction as a "committed youthful offender." G.S. 148-49.4.

"If the court *shall find* that the youthful offender will *not derive benefit* from treatment and supervision pursuant to this Article, *then* the court may sentence the youthful offender under any other applicable penalty provision." G.S. 148-49.4. (Emphasis added.)

In the case before us, the record discloses the following.

"Court-appointed counsel for the defendant asked the presiding Judge to commit the defendant as a committed youthful offender, which request the Court denied without further comment."

[2]   It might be argued, therefore, that the court did consider the sentencing option, rejected it and thereby made an implied "no benefit" finding. We hold, however, that the plain meaning of the statute requires that, before sentencing a youthful offender under any other applicable penalty provision, the judge must expressly state that he finds the defendant will not derive benefit from commitment as a "committed youthful offender." That finding need not be accompanied by supporting reasons, *State v. Mitchell,* 24 N.C. App. 484, 211 S.E. 2d 645, and is not a subject for appellate review. Within the limits provided by law, the sentence to be imposed remains within the sole discretion of the trial court.

The judgment is vacated and the case is remanded to the end that the Superior Court conduct further proceedings, consistent with this opinion, and resentence the defendant.

Vacated and remanded.

Chief Judge BROCK and Judge MARTIN concur.