STATE OF NORTH CAROLINA v. JOHN P. LOCKAMY AND SHERRILL G. STRICKLAND

No. 764SC546

(Filed 15 December 1976)

1. Automobiles § 134— possession of stolen vehicle — constitutionality of statute

The statute prohibiting receiving, transferring, or possessing a vehicle with knowledge or reason to believe it has been stolen or unlawfully taken is not unconstitutionally vague. G.S. 20-106.

2. Automobiles § 134— possession and transfer of stolen · vehicle — sufficiency of evidence

The State's evidence was sufficient for the jury in a prosecution of defendants for possession and transfer of possession with intent to pass title of a vehicle which they had reason to believe had been stolen.

3. Criminal Law § 113— joint trial — instructions — conviction or acquittal of both defendants

In a joint trial of two defendants for the same crime, a charge which was susceptible to the construction that the jury must either acquit both defendants or convict both defendants constituted reversible error.

APPEAL by defendants from *Gavin, Judge*. Judgments entered 11 February 1976 in Superior Court, SAMPSON County. Heard in Court of Appeals 10 November 1976.

Each of the defendants, John P. Lockamy, Jr., and Sherrill G. Strickland, was charged in a separate bill of indictment with the possession and the transfer of possession with intent

to pass title of a vehicle which he knew or had reason to believe had been stolen, in violation of G.S. 20-106. The cases were consolidated for trial, and upon each defendant's plea of not guilty the State offered evidence tending to show the following:

Sometime in March 1974 a green and white 1974 Ford Ranger pickup truck, Serial No. F10YCT81618, with automatic transmission, power steering, power brakes, air condition, radio and a toolbox in the cargo portion of the truck, was stolen from the lot of the Clark-Shaw Ford Dealership in Elizabethtown, North Carolina. On 8 May 1974 Dunn Auto Sales purchased from defendants, who own and operate a body shop known as Sav-A-Lot, a green and white Ford Ranger pickup truck with automatic transmission, power steering, power brakes, radio and a toolbox showing mileage of between 3,000 and 5,000 miles and the apparent Serial No. of F10YCS60060. Other than the mileage the truck did not appear to be a used vehicle. Dunn Auto Sales put one of its stickers on the bumper and on 19 June 1974 sold the truck to Danny Gregory. In September 1974 the truck was stolen from Danny Gregory, and in November 1974 was found in some woods in Sampson County. The identification number usually found on the door was gone but on the truck's frame was the Serial No. F10YCT81618. Gregory identified the truck found in the woods as the one sold to him by Dunn Auto Sales.

On 4 October 1973 John Conner purchased in Guilford County a 1974 gold Ford pickup truck (not a Ranger), Serial No. F10YCS60060, with straight transmission but without radio, air conditioning, power steering, power brakes or a toolbox. Shortly after having been purchased by Conner, the truck was stolen and found a few hours later on fire in Guilford County. The whole inside of the truck had been completely melted including the steering wheel, and under the hood the battery had been melted and the whole front end including the grill had been melted. The burned truck had 8,000 miles on it. Conner's insurance company sold the burned truck to Salvage Disposal Company which in turn sold it to defendants.

The jury found each defendant guilty as charged. From the judgments of the court imposing a prison sentence of five years on each defendant, defendants appealed.

*Attorney General Edmisten by Assistant Attorney General James E. Magner, Jr., for the State.*

*Chambliss, Paderick, Warrick & Johnson by Joseph B. Chambliss for the defendant appellants.*

HEDRICK, Judge.

[1]  Defendants assign as error the court's denial of their motions to quash the bills of indictment. Defendants argue that G.S. 20-106 is unconstitutionally vague. Suffice it to say this Court held G.S. 20-106 to be constitutional in *State v. Rook,* 26 N.C. App. 33, 215 S.E. 2d 159 (1975), *appeal dismissed for lack of substantial constitutional question,* 288 N.C. 250, 217 S.E. 2d 674 (1975). This assignment of error is overruled.

[2]  Defendants next contend the court erred in denying their motions for judgment as of nonsuit. In view of our decision in this case further elaboration on the evidence at this time is unnecessary. We hold the evidence is sufficient to require the submission of the cases to the jury.

[3]  By their eleventh assignment of error defendants contend the trial judge erred in charging the jury in such a manner that the charge was susceptible to the contruction that the jury must either acquit both defendants or convict both defendants. In its final mandate the trial judge instructed the jury as follows:

> "So I charge if you find from the evidence and beyond a reasonable doubt that on or about June 19, 1974, . . . the defendants, John P. Lockamy, Jr., and Sherrill G. Strickland, did have in their possession a 1974 Ford pickup truck, serial number F 10YCT 81618 which they knew or should have known to be stolen, if you further find that they were not law enforcement officers at the time or acting in the duties as law enforcement officers and if you further find from the evidence and beyond a reasonable doubt—that goes for all these findings, ladies and gentlemen, that they intended to procure or pass title to a 1974 Ford pickup truck which they knew or should have known to be stolen and did in fact receive or transfer such title from one to another, if you find those things beyond a reasonable doubt, then it would be your duty to return a verdict of guilty.

However, if you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty."

Where two or more defendants are tried jointly on the same charge, each defendant is entitled to have the jury pass upon his guilt or innocence without regard to the guilt or innocence of a codefendant. *State v. Norton,* 222 N.C. 418, 23 S.E. 2d 301 (1942) ; *State v. Douglas,* 10 N.C. App. 136, 177 S.E. 2d 743 (1970).

A specific application of this general proposition is noted in *State v. Tomblin,* 276 N.C. 273, 276, 171 S.E. 2d 901, 903 (1970), wherein the Supreme Court stated:

"This Court has repeatedly held that, when two or more defendants are jointly tried for the same offense, a charge which is susceptible to the construction that the jury should convict all if its finds one guilty is reversible error." (Citations omitted.)

Because the defendants were charged with identical offenses and because the evidence adduced at the consolidated trial was identical as to each defendant, it was not necessary for the trial judge to give wholly separate instructions as to each defendant in order to comply with G.S. 1-180. It was reasonable for the the court to declare and explain the law arising from the evidence in the cases as to both defendants simultaneously. However, the trial judge must either give a separate final mandate as to each defendant or otherwise clearly instruct the jury that the guilt or innocence of one defendant is not dependent upon the guilt or innocence of a codefendant. This was not accomplished in the present case, as the State contends, when the judge in his charge to the jury merely read the separate bills of indictment. Because the charge in the present case is susceptible to the interpretation that the jury must find either both defendants guilty or both defendants not guilty, defendants are entitled to a new trial.

Defendants have other assignments of error which we need not discuss since there must be a new trial. For error in the charge the defendants are awarded a

New trial.

Chief Judge BROCK and Judge PARKER concur.