STATE OF NORTH CAROLINA v. RICK VAN MATRE

No. 7621SC625

(Filed 2 February 1977)

Criminal Law § 134— youthful offender — finding required prior to sentencing

The trial court erred in sentencing the youthful offender defendant as one other than a "committed youthful offender" without first finding that defendant would derive no benefit from treatment and supervision as a committed youthful offender. G.S. 148-49.4.

ON *writ of certiorari* to review proceedings before *Graham, Judge*. Judgment entered 25 May 1976 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 January 1977.

Defendant, then 16 years old, pled guilty to two charges of armed robbery. The court consolidated the two charges for judgment and imposed sentence of imprsonment "for the term of twenty (20) years in the custody of the State Dept. of Correction." Defendant's petition for certiorari was allowed.

*Attorney General Edmisten by Associate Attorney Claudette Hardaway for the State.*

*W. Joseph Burns for defendant appellant.*

CLARK, Judge.

A "youthful offender" is defined in G.S. 148-49.2 as a person under the age of 21 at the time of conviction. There is a

marked distinction between a "youthful offender" and a "committed youthful offender."

G.S. 148-49.2, a part of Article 3A, Chapter 148, General Statutes of North Carolina, defines a "committed youthful offender" as "one committed to the custody of the Secretary of Correction under the provisions of this Article." Article 3A provides for an extensive program of treatment, study and release for the "committed youthful offender," a program which is not available to a regular "youthful offender." The purposes of Article 3A "are to improve the chances of correction, rehabilitation and successful return to the community of youthful offenders . . . . " G.S. 148-49.1.

This Court first considered the role of the trial court in sentencing a person under the age of 21 at the time of a conviction in *State v. Mitchell,* 24 N.C. App. 484, 211 S.E. 2d 645 (1975), holding that G.S. 148-49.4 required that the sentencing judge could not sentence a "youthful offender" under any other applicable penalty provision unless the court finds that the youthful offender will "not derive benefit from treatment and supervision" as a committed youthful offender pursuant to Article 3A, Chapter 148. See also *State v. Worthington,* 27 N.C. App. 167, 218 S.E. 2d 233 (1975).

We reject the contention of the State that any sentence of imprisonment upon a "youthful offender" without a finding that he would not derive benefit from a committed youthful offender sentence automatically constitutes a committed youthful offender sentence under G.S. Chapter 148, Article 3A. The judgment of the trial court, which is the basis of the defendant's commitment to the Department of Corrections, must conform to the sentencing statutes so as to accurately reflect the intended sentence.

Since the trial court did not sentence the youthful offender defendant as a "committed youthful offender" and did not find that defendant *will not derive benefit from treatment and supervision as a committed youthful offender,* the judgment is vacated and this cause is remanded for proceedings and resentencing consistent with this opinion.

Judgment vacated and remanded.

Judges VAUGHN and HEDRICK concur.