IN THE MATTER OF THE IMPRISONMENT OF RICKY RAY TUTTLE

No. 7710SC963

(Filed 2 May 1978)

Criminal Law §§ 134.4, 144— youthful offender—notice of appeal—subsequent finding of no benefit as "committed youthful offender"

The trial judge's finding that defendant would receive no benefit from treatment and supervision as a "committed youthful offender" was effectual where it was entered before the term expired and on the same day and immediately after judgment and notice of appeal were entered, since the judgment remained *in fieri* until the expiration of the term despite the notice of appeal and could be modified in the trial judge's discretion.

ON writ of certiorari to review order entered by *Donald L. Smith, Judge.* Order entered 22 September 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 29 March 1978.

Respondent Ricky Ray Tuttle was tried and convicted of second degree rape at the 17 March 1975 Session of Superior Court in Forsyth County. At the time of his conviction, Tuttle was under 21 years of age. The trial judge, Judge W. Douglas Albright, pronounced judgment in open court on 18 March 1975 sentencing Tuttle to prison for a term of not less than forty nor more than sixty years. Immediately after this judgment was announced, respondent Tuttle, through his attorney, gave oral notice of appeal in open court.

After the oral notice of appeal was given, and while Tuttle and his attorney were still before him in open court, the trial judge made the following finding which he ordered attached to the judgment:

Due to the facts and circumstances of this case, which the Court considers aggravated, and due to the background of the defendant insofar as he exhibits deviant sexual behavior, the Court finds that the defendant will not derive benefit from treatment and supervision pursuant to General Statute 148, Article 3-A, and, therefore, the Court specifically does not sentence the defendant as a committed youthful offender under the terms and provisions of that article.

In compliance with the judge's directive, this finding was attached to the written judgment, the judgment and the attachment thereto both being dated 18 March 1975 and signed by the trial judge.

On appeal, no argument was presented challenging the "no benefit" finding attached to the judgment. This Court found no error in the trial or in the judgment imposed, *State v. Tuttle*, 28 N.C. App. 198, 220 S.E. 2d 630 (1975), and our Supreme Court denied petition for certiorari. 291 N.C. 716, 232 S.E. 2d 207 (1977).

The present proceeding was commenced in August 1977 when Tuttle filed a petition for writ of habeas corpus in the Superior Court in Wake County. He contended his imprisonment was illegal because the trial judge had sentenced him to prison without having first made the finding required by G.S. 148-49.4 that he would not derive benefit from treatment and supervision as a "committed youthful offender" under Art. 3A of G.S. Ch. 148. He further contended that after notice of appeal was given the trial judge was deprived of all further jurisdiction and thereafter had no power to make the finding.

The writ of habeas corpus was issued. After a hearing on return of the writ, Judge Donald L. Smith entered an order finding the facts as to what had occurred when Tuttle was sentenced. On the basis of these findings, Judge Smith concluded as follows:

1. That after notice of appeal was entered, the attempt to correct the voidable judgment by making the "no benefit" finding of fact was erroneous and beyond the power of the trial court;

2. That the presiding judge had no authority to make any finding of fact after notice of appeal was entered;

3. That the "no benefit" finding must be made prior to the entry of a judgment or at the time thereof to indicate that the Court considered a committed youthful offender status as a sentencing option at the time of judgment as is required by Article 3A of Chapter 148 of the General Statutes of North Carolina.

4. That entry of the "no benefit" finding after judgment does not indicate that committed youthful offender status was considered prior to or at the time of judgment.

5. That the judgment entered on March 18, 1975 by the Honorable W. Douglas Albright should be vacated and the defendant, Ricky Ray Tuttle, should be returned to Forsyth County Superior Court for resentencing.

In accord with these conclusions, Judge Smith ordered that the judgment of imprisonment imposed on 18 March 1975 by Judge Albright be vacated and that Tuttle be returned to the Superior Court in Forsyth County for resentencing. We granted the State's petition for certiorari to review Judge Smith's order and stayed the order pending our review.

*Attorney General Edmisten by Assistant Attorney General Ben G. Irons II for the State.*

*A. L. Sherk for respondent Tuttle.*

PARKER, Judge.

Article 3A of G.S. Ch. 148 was repealed and replaced by Article 3B effective 1 October 1977. In this opinion reference will be made to the statute which was in effect at the time the judgment of imprisonment here under attack was imposed.

By definition in G.S. 148-49.2, a "youthful offender" was a person under the age of 21 at the time of conviction, and a "committed youthful offender" was one committed to the custody of the Secretary of Correction under provisions of Art. 3A of G.S. Ch. 148. Sentencing of a youthful offender was controlled by G.S. 148-49.4, which provided that "[i]f the court shall find that the youthful offender will not derive benefit from treatment and supervision pursuant to this Article, then the court may sentence the youthful offender under any other applicable penalty provi-

sion." Interpreting this language, we held in *State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975), that the trial judge could not sentence a youthful offender as an older criminal without expressly finding he would receive no benefit from treatment and supervision as a "committed youthful offender," although such finding need not be accompanied by supporting reasons. This interpretation was followed in *State v. Jones*, 26 N.C. App. 63, 214 S.E. 2d 779 (1975), *State v. Worthington*, 27 N.C. App. 167, 218 S.E. 2d 233 (1975), and *State v. Matre*, 32 N.C. App. 309, 231 S.E. 2d 688 (1977).

In the present case, Judge Albright, in imposing the sentence of imprisonment on 18 March 1975 (just one month after our decision in *State v. Mitchell, supra*), did expressly make the requisite "no benefit" finding. The only question is whether the finding came too late. We hold that it did not, and accordingly we reverse Judge Smith's order vacating the sentence imposed.

It has long been settled law in this State that "until the expiration of the term the orders and judgments of the court are *in fieri*, and the judge has the power, in his discretion, to make such changes and modifications in them as he may deem wise and appropriate for the administration of justice." *State v. Hill*, 294 N.C. 320, 329, 240 S.E. 2d 794, 801 (1978); *accord, State v. Godwin*, 210 N.C. 447, 187 S.E. 560 (1936). This is true notwithstanding notice of appeal has been given. *State v. Belk*, 272 N.C. 517, 158 S.E. 2d 335 (1968). In the present case the sentencing judge made the "no benefit" finding on the same day and virtually at the same time that judgment and notice of appeal were entered. The term of court had not expired, the judgment remained *in fieri* despite the notice of appeal, and the "no benefit" finding was effectual.

Respondent's contention that G.S. 148-49.4 must be construed to mean that unless the sentencing judge first expressly made the "no benefit" finding he lacked all power to sentence the youthful offender under any other applicable penalty provision exalts form over substance. All that G.S. 148-49.4 required was that the sentencing judge make the "no benefit" finding at a time when he still retained control of the sentencing process. This was done by Judge Albright in the present case. Judge Smith's order vacating the judgment entered by Judge Albright on 18 March 1975 and

returning respondent Tuttle to the Superior Court in Forsyth County for resentencing is

Reversed.

Judges VAUGHN and WEBB concur.