STATE OF NORTH CAROLINA v. J. B. CURL

STATE OF NORTH CAROLINA v. ROGER DEAN BOOTH

No. 7813SC352

(Filed 5 December 1978)

**Criminal Law § 113.6— joint trial—instructions—acquittal or conviction of both defendants**

In a joint trial of two defendants for the same crimes, a charge which was susceptible to the construction that the jury should convict both defendants if it found one defendant guilty constituted reversible error.

APPEAL by defendants from *Smith (David I.), Judge*. Judgment entered 15 December 1977 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 24 August 1978.

Each of the defendants was charged with the felonies of conspiracy to sell a controlled substance, to wit: phencyclidine, possession of phencyclidine with intent to sell, and sale of phencyclidine. The cases were consolidated for trial and each defendant was convicted on all charges. From prison sentences imposed, each defendant has appealed.

*Attorney General Edmisten, by Associate Attorney Christopher P. Brewer, for the State.*

*Ray H. Walton and Elva L. Jess, for defendant appellants.*

WEBB, Judge.

The defendants' first assignment of error pertains to the charge. As to possession with intent to sell, the court charged as follows:

"Members of the jury, I charge that if you find from the evidence beyond a reasonable doubt that on or about June 13, 1977, J. B. Curl and Roger Booth knowingly possessed phencyclidine and intended to sell phencyclidine it would be your duty to return a verdict of guilty of possessing phencyclidine with intent to sell it. However, if you do not so find,

or if you have a reasonable doubt as to one or more of these things it would be your duty to return a verdict of not guilty."

The court gave similar instructions as to the conspiracy and sales charges.

We hold it was error for the court to so charge the jury. We believe this instruction did not make it sufficiently clear to the jury that they did not have to find both defendants guilty if they found one of them guilty. *See State v. Tomblin*, 276 N.C. 273, 171 S.E. 2d 901 (1970) and *State v. Lockamy*, 31 N.C. App. 713, 230 S.E. 2d 565 (1976). The State contends that the jury was instructed that the guilt of each defendant was an individual question by the following instruction:

"Members of the jury, each of the defendants is charged with three separate offenses, conspiracy to sell and deliver a controlled substance, possession with intent to sell and deliver a controlled substance and selling and delivering a controlled substance. To each one of those charges you will return a verdict of guilty or not guilty as to each defendant."

It is true that the court charged the jury that it would find each defendant guilty or not guilty as to each charge. We do not believe, however, this instruction makes it clear that if one of the defendants is found guilty the jury did not have to find the other defendant guilty.

The defendants have brought forward other assignments of error which we do not consider since they may not recur at a new trial.

New trial.

Judges MORRIS and HEDRICK concur.