STATE OF NORTH CAROLINA v. ESTHER NAOMI SMITH

No. 7925SC445

(Filed 16 October 1979)

1. **Larceny § 4.2— records taken from store—allegation and proof of ownership— no variance**

There was no fatal variance in a larceny prosecution between the allegation in the warrant that the property was stolen from "K-Mart Stores, Inc." and proof at trial that the correct corporate name was "K-Mart Corporation."

2. **Larceny § 4.1— warrant—taking of four record albums alleged—sufficiency of description**

The warrant in a larceny prosecution which alleged the theft of "4 L.P. Stereo Record Albums," with no reference to the names of the albums, their

producers or other information, was nevertheless sufficiently specific to allow defendant to prepare her defense and to plead a conviction or acquittal as a bar to subsequent prosecution.

**3. Criminal Law § 113— jury instructions—requirements for finding of guilty—no statement of contentions**

The trial court's summary of what the jury must find in order to return a verdict of guilty did not amount to stating the contentions of the State and thus did not require that the court state defendant's contentions.

**4. Criminal Law § 134.4— youthful offender—failure to make "no benefit" finding**

Where defendant was eighteen years old at the time of her trial, her sentence of seven months' imprisonment must be vacated, since the trial court did not include in the record a finding that he had considered the committed youthful offender option and determined that defendant would not benefit from it.

APPEAL by defendant from *Ferrell, Judge.* Judgment entered 14 December 1978 in Superior Court, CALDWELL County. Heard in the Court of Appeals 19 September 1979.

Defendant was charged with the theft of "4 L.P. Stereo Record Albums," the property of "K-Mart Stores, Inc., Lenoir, N. C." Horace Harshaw was similarly charged, and the cases were consolidated for trial. The State presented evidence that on 1 May 1978, Peggy Hammond, an employee of the Lenoir K-Mart store, saw defendant, who was with Harshaw, remove four record albums from their covers, place them all in one cover, and conceal it under her jacket. As defendant walked away, Ms. Hammond could see the outline of the album cover under her jacket. Defendant walked past the check-out without paying for the albums, left the store and went to a car. Ms. Hammond saw defendant remove the album cover from her jacket and throw it into the back seat of the car. After they drove away Ms. Hammond went back to the record display and found five empty album covers.

At the close of the State's evidence, defendant moved to dismiss for a fatal variance between pleading and proof regarding the ownership of the property and the failure of the indictment to show with sufficient specificity what items were stolen. The motion was denied.

The 18-year-old defendant testified that she went to the K-Mart store on 1 May, but that she concealed no record albums on her person while she was there. Defendant was found guilty of

misdemeanor larceny and sentenced to seven months. She appeals.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney James C. Gulick, for the State.*

*Beal & Beal, by Beverly T. Beal, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first argues that the charges against her should have been dismissed because there was a fatal variance between the allegation of ownership of the property in the arrest warrant and the proof of ownership at trial. This argument is without merit. The warrant in this case charged defendant with stealing the property of "K-Mart Stores, Inc., Lenoir, N. C." Peggy Hammond, an employee of the store, testified that the name of the store is "K-Mart, Inc." or "K-Mart Corporation." Defendant's witness H. F. Kirk, manager of the Lenoir K-Mart, testified that the correct corporate name is "K-Mart Corporation." The cases cited by defendant are clearly distinguishable. In *State v. Vawter*, 33 N.C. App. 131, 234 S.E. 2d 438, *cert. denied* 293 N.C. 257, 237 S.E. 2d 539 (1977), this court found a fatal variance where the indictment charged that the property stolen belonged to "E. L. Kiser (sic) & Company, Inc." but the evidence showed the property belonged to "the Kiger family," with no evidence of corporate ownership. In *State v. McKoy*, 265 N.C. 380, 144 S.E. 2d 46 (1965), the bill of indictment completely failed to allege the ownership of the property stolen. No fatal variance appears in the case *sub judice*.

[2] Defendant also argues that the case should have been dismissed because the indictment did not sufficiently identify the goods stolen. The warrant alleged the theft of "4 L.P. Stereo Record Albums," with no reference to the names of the albums, their producers, etc. The strongest support for defendant's argument appears to be *State v. Nugent*, 243 N.C. 100, 89 S.E. 2d 781 (1955), where the court held that "meat" was an insufficient description of the goods stolen, and that defendant had a constitutional right to have the indictment state the *kind* of meat. It appears from that case that a description such as "pork" or "bacon" would have been acceptable. In the present case, we find that the

description "4 L.P. Stereo Record Albums" is analogous to "pork" or "bacon." Where, as here, the issue is not which of a number of stolen records defendant may have taken, but whether she stole any at all, we find that the description in the warrant is sufficiently specific to allow defendant to prepare her defense and to plead a conviction or acquittal as a bar to subsequent prosecution. See *id.*

[3] Moreover, we find no error in the charge to the jury. The trial court's summary of what the jury must find in order to return a verdict of guilty did not amount to stating the contentions of the State, and thus did not require that the court state defendant's contentions. See *State v. Abernathy*, 295 N.C. 147, 244 S.E. 2d 373 (1978). Nor do we find that the trial court committed the error of charging that the jury must convict both defendants if it found one guilty. See *State v. Tomblin*, 276 N.C. 273, 171 S.E. 2d 901 (1970). As in *State v. Tomblin, id.* the court here made clear that the guilt or innocence of each defendant must be considered separately, and, as we instructed in *State v. Lockamy*, 31 N.C. App. 713, 716, 230 S.E. 2d 565, 568 (1976), the judge gave "a separate final mandate as to each defendant."

[4] It is undisputed that defendant was eighteen years old at the time of her trial. G.S. 148-49.14 provides that "when a person under 21 years of age is convicted of an offense punishable by imprisonment . . . the court may sentence such person to the custody of the Secretary of Correction for treatment and supervision as a committed youthful offender. . . . If the court shall find that a person under 21 years of age should not obtain the benefit of release under G.S. 148-49.15, it shall make such 'no benefit' finding on the record." This court has held that the trial court must make a finding showing clearly that he considered the "committed youthful offender" option and determined that the defendant would not benefit from it. *Matter of Tuttle*, 36 N.C. App. 222, 243 S.E. 2d 434 (1978); *State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975). No such finding appears in the record before us. Accordingly, defendant's sentence is vacated and the case is remanded for resentencing. *See State v. Mitchell, id.*

Remanded for resentencing.

Judges WEBB and WELLS concur.