Alexander PORTER, Petitioner,

v.

Gary H. NEWKIRK, et al., Respondents.

No. 81–1074–HC.

United States District Court,
E. D. North Carolina,
Raleigh Division.

March 24, 1982.

Alexander Porter, pro se.

Rufus L. Edmisten, Atty. Gen. by Richard N. League, Sp. Deputy Atty. Gen., N. C. Dept. of Justice, Raleigh, N. C., for respondents.

## ORDER

LARKINS, Senior District Judge:

### SUMMARY

This matter comes before this Court upon petitioner's application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents having timely responded by filing an answer and motion to dismiss, this case is ripe for adjudication.

After careful independent review of the pleadings herein, including petitioner's application and respondents' motion, IT IS THE OPINION OF THIS COURT THAT RESPONDENTS' MOTION TO DISMISS BE GRANTED AND PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS BE DENIED AND HIS CASE DISMISSED.

## FINDINGS OF FACT

Petitioner is a prisoner of the State of North Carolina presently housed at the Durham Minimum Custody Facility in Durham, North Carolina. On July 9, 1973, he pled guilty to armed robbery in case number 73–CR–4585 and was sentenced to 25 to 30 years imprisonment by the Honorable John Webb. On or about July 21, 1980, he applied for post-conviction relief in the Superior Court of Wilson County. His application was denied, however, with the North Carolina Court of Appeals denying review of that decision on October 2, 1980. Petitioner sought federal habeas relief in this Court subsequent to 28 U.S.C. § 2254.

## CONCLUSIONS OF LAW

Petitioner claims he is entitled to habeas corpus relief because: (1) no "no benefit" finding was made with regard to a possible committed youthful offender status for him; (2) Judge Webb erred in sentencing him as a regular youthful offender; and (3) he was denied effective assistance of counsel because his attorney did not have Judge Webb make a "no benefit" finding in his case. A perusal of the record indicates that claims (1) and (2) have been presented previously to the state courts of North Carolina and therefore those claims have been exhausted. Although claim (3) has not been exhausted, this Court will accept respondents' unconditional waiver of the exhaustion requirement and address all claims on the merits. *Jenkins v. Fitzberger,* 440 F.2d 1188 (4th Cir. 1971).

### A. *Committed Youth Offender Status.*

Petitioner claims that his sentence is illegal and he is entitled to relief because the sentencing court failed to make a "no benefit" finding on the record with regards to a possible committed youthful offender status for him and it erred in sentencing him as a regular youthful offender. This Court disagrees.

N.C.Gen.Stat. § 148–49.4 (now G.S. 148–49.14) states that: "If the court shall find that the youthful offender will not derive benefit from treatment and supervision pursuant to this Article, then the court may sentence the youthful offender under any other applicable penalty provision." In 1975, the North Carolina Court of Appeals in *State v. Mitchell,* 24 N.C.App. 484, 211 S.E.2d 645 (1975), held that the General Assembly intended by the statute that a youthful offender shall receive the benefits of a sentence as a "committed youthful offender" unless the trial court would find that he would "not derive benefit from treatment and supervision pursuant to" the statute. If the court decides that the defendant would not benefit from such a sentence, he must make such a finding on the record. This "no benefit" finding requirement was codified in 1977 under N.C.Gen. Stat. § 148–49.14.

When petitioner was sentenced in 1973, the court failed to make a finding on the record that he would not benefit from youthful offender status. The issue then is whether the 1975 *Mitchell* decision is retroactive to petitioner's 1973 sentencing. This Court holds that it is. In *State v. Jones,* 26 N.C.App. 63, 214 S.E.2d 779 (1975), the court held that the defendants' sentences, which preceded *Mitchell,* were governed by that decision. It vacated defendants' lower court convictions and remanded for the sentencing court to make a finding on the record that defendants would not benefit from youthful offender status. Although the *Jones* opinion mentioned nothing about retroactivity, its ruling clearly mandates that result. Because petitioner was likewise sentenced prior to *Mitchell,* it was error for the sentencing court to omit a "no benefit" finding on the record.

The retroactivity of *Mitchell* follows the intent of the federal courts in construing federal youthful offender statutes. The United States Supreme Court in *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974), ruled that in sentencing a youthful offender under the Federal Youth Corrections Act of 1950, 18 U.S.C. § 5005 *et seq.,* a Federal District Court must make an express finding on the record that the offender would not benefit from treatment under the Act. The lan-

guage in G.S. § 148–49.4 is substantially similar to 18 U.S.C. § 5010(a). More importantly, in *Mitchell*, the court stated that it appeared that the North Carolina Legislature in enacting G.S. 148–49.4, followed the Federal Youth Corrections Act. Because the North Carolina General Assembly intended the statutes to be similar, it follows then that the effect of their interpretation should be identical.

It is settled law in this circuit that *Dorszynski* is fully retroactive. *McCray v. United States*, 542 F.2d 1246 (4th Cir. 1976); *United States v. Bailey*, 509 F.2d 881 (4th Cir. 1975); *United States v. Flebotte*, 503 F.2d 1057 (4th Cir. 1974). It follows then that *Mitchell* should be retroactive. Therefore, it was error for petitioner's court in 1973 to omit a finding on the record that he would not benefit from youthful offender status.

■ Although it was error for petitioner's sentencing court to omit a "no benefit" finding on the record, the next question is whether this omission warrants federal habeas relief. This Court finds that such omission warrants no relief. Matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief. *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976). Therefore, if the error committed by the failure to make the appropriate record finding merely related to a state procedural question, the issue may not be reached in a federal habeas corpus petition unless the alleged error constituted "a fundamental defect which inherently results in a complete miscarriage of justice," or "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, at p. 428, 82 S.Ct. 468, at p. 471, 7 L.Ed.2d 417 (1962); *Davis v. United States*, 417 U.S. 333, at p. 346, 94 S.Ct. 2298, at p. 2305, 41 L.Ed.2d 109 (1974).

A non-constitutional procedural error must somehow be shown to be a violation of the defendant's most fundamental rights, else it does not fall within the scope of 28 U.S.C. § 2254. *Stone v. Powell*, 428 U.S.

465 at p. 477, n.10, 96 S.Ct. 3037, at p. 3044, n.10, 49 L.Ed.2d 1067 (1976). In the absence of such a "fundamental defect which inherently results in a complete miscarriage of justice," which this Court is of the opinion did not occur by the mere failure to make of record the required finding—the failure to comply with the requirements of G.S. 148–49.4 as interpreted by *Mitchell* —there being claimed only an error in North Carolina procedural law, is cognizable in federal habeas corpus proceedings if, and only if, that failure means that the sentencing court had no jurisdiction to sentence the appellant to jail. *See Hill v. United States, supra*, 368 U.S. at p. 428, 82 S.Ct. at p. 471; *Sunal v. Large*, 332 U.S. 174, at p. 182, 67 S.Ct. 1588, at p. 1592, 91 L.Ed. 1982 (1947).

■ The only question remaining then is whether the failure to make a "no benefit" finding on the record was procedural or jurisdictional. This Court holds that it is procedural. The legislative intent behind the statutory requirement must be analyzed. N.C.Gen.Stat. § 148–49.1 (now § 148–49.10) clearly states that "it is the intent of this Article to provide the courts with an *additional sentencing possibility* to be used in the court's discretion for correctional punishment and treatment … [for] a youthful offender [who] requires a period of imprisonment…" Moreover, present G.S. § 148–49.14, which requires a "no benefit" finding, begins by stating that this statute is an alternative to a sentence of imprisonment as otherwise provided by law. These statutes are obviously designed with the purpose of providing youthful offenders an alternative to being sentenced as adults. This Court does not believe that it was the intention of the legislature to remove jurisdiction from the sentencing court in imposing jail sentences until it had formally recited that the petitioner would not benefit from youthful offender status. The fact that the statutes state that they are alternatives to the jurisdiction of the sentencing court evidences an intention that the legislature did not intend to so limit its authority.

In a similar situation, the Fourth Circuit Court of Appeals in *Hailey v. Dorsey*, 580 F.2d 112 (4th Cir. 1978), held that a Virginia circuit court's omission to find on the record that a juvenile was incorrigible before being sentenced to jail, as required by Va. Code Ann. § 16.1–177.1, was not a jurisdictional error which would warrant federal habeas relief. Though the court noted that one federal district court has held that certain failures to comply with the juvenile statutes are jurisdictional defects and thus cognizable in a habeas corpus proceeding, *Evans v. Cox*, 327 F.Supp. 1057, 1058 (E.D. Va.1971), it concluded that the necessary finding of incorrigibility is procedural, rather than a jurisdictional, requirement. Likewise, this Court holds *Mitchell's* judicial interpretation of G.S. 148–49.4—a "no benefit" finding on the record—to be a procedural prerequisite to the exercise of the court's general sentencing powers which are granted elsewhere in the statutes, and not a prerequisite to the jurisdiction of the court. Because the failure of petitioner's sentencing court to formally record a "no benefit" finding is a state procedural error in sentencing, claims (1) and (2) do not establish grounds for federal habeas corpus relief.

**B.  *Ineffective Assistance of Counsel.***

■ Petitioner finally claims he is entitled to relief because he was denied effective assistance of counsel in that his attorney did not have his sentencing court make a "no benefit" finding in his case. Petitioner was sentenced in 1973. At that time, G.S. 148–49.4 did not statutorily require the sentencing court to make a finding on the record that a youthful defendant would not benefit from youthful offender status. Such requirement came into effect only by judicial construction in 1975 in *State v. Mitchell, supra.* Because the sentencing court was not required to make such a finding in 1973, petitioner's counsel was not required to ask the court to make one. Moreover, petitioner's failure to predict that G.S. 148–49.4 would be changed by judicial interpretation does not amount to ineffective assistance of counsel. Therefore, claim (3) is without merit.

ORDER

Based upon the foregoing findings of fact and conclusions of law, IT IS THEREFORE ORDERED THAT THE RESPONDENTS' MOTION TO DISMISS IS GRANTED AND PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS IS DENIED AND HIS CASE DISMISSED.

SO ORDERED.