**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4574

BRIAN KEITH CASH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-15)

Submitted: March 9, 1999

Decided: June 11, 1999

Before WIDENER, ERVIN, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John J. Korzen, SMITH, HELMS, MULLIS & MOORE, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Robert A. J. Lang, Assistant United States
Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Brian Keith Cash appeals his conviction and sentence for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994). Finding no merit to his claims, we affirm.

Cash asserts that the district court erroneously sentenced him as a career offender under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.1 (1997). Because this issue was not raised at trial, this court's review is for plain error only. See United States v. Olano, 507 U.S. 725 (1993). Plain error requires an error that is clear or obvious, that affects substantial rights, i.e., is prejudicial to the defendant, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732.

There are three criteria for classifying a defendant as a career offender. First, the defendant must be at least eighteen years old at the time of the instant offense. Second, the instant conviction must be for a felony that is either a crime of violence or a controlled substance offense. Finally, the defendant must have at least two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. For purposes of the third criteria, the guidelines define "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2, comment. n.1. "A conviction for an offense committed at age eighteen or older is an adult conviction. A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." Id.

Cash was sixteen years old when he was arrested for a felony robbery offense in North Carolina. He was originally sentenced to three years probation. The terms of his probation required him to obey a curfew, stay away from his codefendants, and to enroll in school or obtain employment. Cash violated the conditions of his probation and was sentenced to three years imprisonment as a youthful offender.

2

Cash asserts that because the State of North Carolina did not treat him as an adult following his robbery conviction, the district court erred in accepting the conviction as a prior felony conviction within the meaning of § 4B1.1.

North Carolina law provides that a person who commits a criminal offense after his sixteenth birthday is subject to prosecution as an adult. See N.C. Gen. Stat. § 7A-524 (1995). At the time Cash committed the felony robbery the laws of North Carolina provided courts with the discretion to sentence "youthful offenders" to the custody of the Secretary of Correction for treatment and supervision as a committed youthful offender. See N.C. Gen. Stat. § 148-49.14 (1993). A "youthful offender" was defined as a person under twenty-one years of age in the custody of the Secretary of Correction or a person under twenty-five years of age in the custody of the Secretary of Correction who had not yet been convicted of certain violent felony offenses. See N.C. Gen. Stat. § 148-49.11 (1993). The purpose of this sentencing scheme was to provide courts with an alternative to sentencing youthful offenders. See N.C. Gen. Stat. § 148-49.10 (1993); Porter v. Newkirk, 539 F. Supp. 150 (E.D.N.C. 1982). Sentencing courts retained jurisdiction to impose a jail sentence after making an express determination that the eligible defendant would not benefit from youthful offender status. See id. at 151.

Cash is correct in asserting that the State of North Carolina opted to treat him as a youthful offender when sentencing him after he violated the terms of his probation imposed after his robbery conviction. However, because the sentencing court exercised its discretion to sentence Cash as a youthful offender, this does not mean that the State of North Carolina did not classify his conviction as an adult conviction. Notably, Cash does not assert that he was prosecuted and convicted as a juvenile. The statutory scheme providing for the youthful offender sentencing option does not alter the fact that Cash was convicted as an adult and was subject to being sentenced as an adult under the laws of North Carolina. Accordingly, we can not find that the district court plainly erred in adopting the recommendation set forth in Cash's presentence report to consider his North Carolina robbery conviction a "prior felony conviction" for purposes of sentencing him as a career offender under U.S.S.G. § 4B1.1.

3

We find no merit to Cash's claim that the district court committed plain error in not finding that the government violated 18 U.S.C. § 201(c)(2) (1994), by presenting testimony from a witness who had been promised leniency in exchange for her testimony. Every Circuit that has addressed the issue has ultimately concluded that government promises of the kind offered in this case do not violate § 201. See United States v. Lowery, ____ F.3d ___, 1999 WL 46835, at *3 (11th Cir. Feb. 3, 1999) (citing numerous cases and recognizing that every Circuit court and every district court except one has reached this conclusion). In light of the longstanding government practice of offering leniency to witnesses in exchange for testimony and the lack of authority supporting Cash's claim, we find no error in the district court's determination that § 201 was not violated.

We therefore affirm Cash's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4