STATE OF NORTH CAROLINA v. LINWOOD E. MOORE v. RALPH BENTON, JR.

No. 823SC1271

(Filed 18 October 1983)

**Criminal Law § 178— law of the case**

> The Court is bound by the conclusion in a previous appeal that the record contained ample evidence to support a conclusion that "extraordinary cause" had been shown justifying the remission of all outstanding executions on a judgment entered against a surety arising out of criminal charges against defendant where in the previous appeal the Court had only remanded the case for the trial court to "make brief, definite, pertinent findings and conclusions" to that effect.

APPEAL by the New Bern-Craven County Board of Education, judgment creditor and private prosecutor, from *Reid, Judge.* Order entered 3 September 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 20 September 1983.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State-appellant.*

*Henderson and Baxter, by David S. Henderson, for the New Bern-Craven County Board of Education, judgment creditor-appellant.*

*Stubbs & Chesnutt, by Marcus W. Chesnutt, for the surety-appellee.*

ARNOLD, Judge.

The New Bern-Craven County Board of Education (hereinafter the Board) is appealing from an order remitting the entire amount of all judgments and executions on said judgments against the surety on the appearance bond of a criminal defendant. In an earlier appeal involving the parties, this Court vacated an order of remission and remanded the cause to the trial court for appropriate findings and conclusions. On remand, Judge Reid made findings of fact and concluded that the surety had shown extraordinary cause justifying the remission of all outstanding executions on the judgment entered against him arising out of criminal charges against defendant. We affirm Judge Reid's order of remission.

On 12 December 1979 the defendant was arrested for assault with a deadly weapon with intent to kill. On 21 December 1979 defendant and the surety executed a bond to secure defendant's appearance for trial on the assault charge. A second warrant was issued against defendant on 27 December 1979 charging him with rape. Upon defendant's failure to appear for arraignment on both charges, the trial court ordered his arrest and forfeiture on the appearance bond signed by the surety. The surety was given notice, and on 12 January 1981 judgment was entered against the surety for the amount of the bond and costs.

On 18 August 1981, the surety moved for an order striking the bond forfeiture and recalling all outstanding executions. He alleged that subsequent to the release of defendant on the appearance bond signed by him, defendant was arrested for rape and released under the prior bond obligation; and that he had no knowledge of defendant's release on the rape charge under this prior bond. The surety alleged that under these circumstances,

defendant's release on the rape charge "was an alteration and modification of any liabilities existing on his behalf and substantially changed and modified the conditions existing at the time of the signing of the initial surety agreement."

The surety filed an affidavit in support of his motion. The averments in this affidavit were summarized by Judge Whichard in the first appeal as follows:

> The surety owned and operated a small farm with one part-time employee and provided the sole support for himself, his wife, and three minor children. In 1980 he did not report any taxable income after expenses, and his prospects for 1981 were not bright.

> Defendant, whose family had a history of mental retardation, had worked for the surety for approximately six years. The surety allowed defendant to work for him so defendant could provide partial support for his family. When the initial assault charge was lodged against defendant, the surety signed defendant's bond to enable defendant to remain employed and thus able to continue partial support for his family.

> The surety at no time realized pecuniary gain from signing the bond. He spent considerable time and money searching for defendant. He had been informed that defendant had committed suicide, but he had been unable to confirm it. Payment of the bond would work a tremendous hardship on him and his family and might force him into bankruptcy. He "did not obligate [him]self to assume any bonds" on the second charge, and in his opinion it was the second charge which accounted for defendant's disappearance.

*State v. Moore*, 57 N.C. App. 676, 677-678, 292 S.E. 2d 153, 154-155 (1982).

After considering the foregoing averments along with the surety's motion to strike the forfeiture and to recall all executions, the trial court entered an order setting aside the judgment against the surety. In this order, the trial court concluded "that equity would best be served by the setting aside of this Judgment upon payment of the costs by the Surety, Ralph Benton, Jr." On appeal, this Court vacated the order and remanded the

cause for two reasons: (1) Since the order of remission was entered more than 90 days after entry of judgment on the appearance bond, the judgment could only be set aside if "extraordinary cause" was shown pursuant to G.S. 15A-544(h); and (2) the order did not contain appropriate findings of fact and conclusions of law indicating the requisite "extraordinary cause." *State v. Moore v. Benton, supra.*

On remand the surety renewed his earlier motion and affidavit. The trial court considered these documents and the opinion of this Court and concluded "(t)hat the Surety has shown extraordinary good cause justifying the remission in whole of any and all outstanding executions on the Judgment entered against him in this matter." In support of this conclusion the trial court made numerous findings of fact reiterating the allegations in surety's motion and affidavit.

In this second appeal, the appellant Board has assigned error to several of the trial court's findings of fact and conclusions of law. The Board's argument, based upon these assignments of error, appears to be two-fold: that the findings of fact are not supported by the evidence; and that these findings do not support the conclusions of law. This Court's earlier opinion involving the parties, the records on appeal, and the prevailing law refute the Board's position.

In both appeals regarding the surety and the Board, the surety's motion and affidavit constituted the evidence before the trial court. In both appeals, one of the questions before this Court has been whether there was sufficient evidence to support an order of remission. Judge Whichard, writing for the Court in the first appeal, concluded, "While the record contains ample evidence to support a conclusion that 'extraordinary cause' had been shown, the trial court should 'make brief, definite, pertinent findings and conclusions' to that effect. (Citation omitted.)" *State v. Moore v. Benton, supra* at 679-680, 292 S.E. 2d at 156.

Under the foregoing set of circumstances the following general rule applies: "(W)hen an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal, provided the same facts and the same questions which were determined in the

previous appeal are involved in the second appeal. (Citations omitted.)" *Hayes v. Wilmington,* 243 N.C. 525, 536, 91 S.E. 2d 673, 681-682 (1956). This Court is therefore bound by the conclusion in the previous appeal that "the record contains ample evidence to support a conclusion that 'extraordinary cause' had been shown." *State v. Moore v. Benton, supra* at 679, 292 S.E. 2d at 156.

The only question remaining for determination is whether the trial court, on remand, made "brief, definite, pertinent findings and conclusions" showing an "extraordinary cause" to set aside the judgment against the surety. *State v. Rakina and State v. Zofira,* 49 N.C. App. 537, 541, 272 S.E. 2d 3, 5 (1980). Since the 17 findings of fact restate in detail the allegations in the surety's motion and affidavit and since these allegations are the same ones set out in the first appeal wherein this Court found the evidence to support a conclusion that extraordinary cause has been shown, the order setting aside any judgments against the surety and executions on said judgments is

Affirmed.

Judges WELLS and EAGLES concur.