STATE OF NORTH CAROLINA v. TERRY LYNN OAKLEY

No. 8422SC856

(Filed 4 June 1985)

**Criminal Law § 181— State's petition for appropriate relief for new evidence— judgment set aside—improper**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury on the prosecuting witness where the defendant pled guilty to the lesser-included offense of assault with a deadly weapon inflicting serious injury, the trial court erred by hearing the State's motion to set aside the judgment for newly-discovered evidence after the victim objected and came forward with additional medical expenses the day after judgment. There is no provision authorizing the State to make a motion to set aside a judgment based on its own newly-discovered evidence, and, although a trial court may set aside a judgment on its own authority, the court here exceeded its authority because a trial court may grant appropriate relief only if the defendant would be entitled to such relief by motion. Striking the plea to the lesser-included offense and setting the case for trial on the original offense benefited the State exclusively. G.S. 15A-1415 (1983), G.S. 15A-1416 and 1445 (1983), G.S. 15A-1420(d) (1983), G.S. 15A-1417 (1983), G.S. 15A-1024 (1983).

APPEAL by defendant from *Helms, Judge.* Order entered 17 April 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 12 March 1985.

*Attorney General Rufus Edmisten, by Special Deputy Attorney General John R. B. Mathis, and Assistant Attorney General John F. Maddrey, for the State.*

*Holton & Holton, by Stephen C. Holton, for defendant appellant.*

BECTON, Judge.

This case involves the authority of the trial court to strike a guilty plea and set a case for trial after entry of the guilty plea.

On 26 September 1983, the defendant, Terry Lynn Oakley, was charged with assault with a deadly weapon with intent to kill inflicting serious injury on the prosecuting witness, Jackie O'Neal Gathings, in violation of N.C. Gen. Stat. Sec. 14-32(a) (1981). On 16 April 1984 the defendant pleaded guilty to the lesser included offense of assault with a deadly weapon inflicting serious injury in violation of N.C. Gen. Stat. Sec. 14-32(b) (1981). As evidenced by a

plea adjudication dated 16 April 1984, the trial court uncondi-tionally accepted the plea and entered it in the record. Following a sentencing hearing, the trial court, in a 16 April 1984 judgment, imposed a six-year suspended sentence on the defendant; placed him on supervised probation for a five-year period; ordered him to pay $10,380.06 restitution to Gathings for her medical bills; and ordered him not to assault Gathings during the probationary period.

Gathings was not present either at the entry of the plea or at the sentencing hearing. At the sentencing hearing, the State had presented evidence that during an argument on 24 September 1983, the defendant, while intoxicated and jealous, had knocked Gathings to the ground and kicked her in the back. As a result, Gathings suffered a fractured vertebra and other back injuries. Assistant District Attorney York stated: "[A]t this time it is unknown as to the extent of the damage; she has undergone an operation and total medical bills you [the trial court] have before you is over $10,000. She is still receiving treatment now, to my understanding." From the defendant's evidence, it appears that the medical bills before the trial court were those Gathings had given to the District Attorney's office and totalled $10,380.06.

The following day, 17 April 1984, Gathings requested a hear-ing with the trial court to express her dissatisfaction with the proceedings. Assistant District Attorney Morris explained that Gathings had come to the District Attorney's office the previous day and asked how to get restitution for her medical bills. Mr. Morris told her to take the bills to the courtroom and tell the district attorneys there, Mr. Zimmerman and Mr. York. According to Mr. Morris, Gathings commented that her medical bills totalled more than $40,000. In unsworn testimony, Gathings herself then told the trial court that she had not followed Mr. Morris' direc-tions. According to Gathings, a detective had told her not to go, saying that the defendant's case would not be coming up that day. Gathings brought no copies of the medical bills with her on 17 April. She then told the trial court that she was afraid for her life, because the defendant was threatening to kill her.

Immediately thereafter, the State made a motion pursuant to N.C. Gen. Stat. Sec. 15A-1420 (1983) to set aside the judgment. The trial court announced in open court that it would set aside

the judgment saying: "Matters have been brought before the court of which the court was not aware of at the time of the plea. Let the plea be withdrawn and be tried by the Jury, based on evidence the Court was not aware of at the time of the hearing." The order for arrest issued on 17 April 1984 listed the original charge of assault with a deadly weapon with intent to kill inflicting serious injury. On 20 April 1984 defendant appealed from the 17 April 1984 order setting aside the 16 April 1984 judgment and striking the guilty plea.

I

The defendant contends that the immediate hearing of the State's motion for appropriate relief violated statutory procedural requirements and constitutional due process. Furthermore, the defendant argues that the State's motion was improperly granted (1) based on unsworn testimony, (2) without evidence of new matters which the trial court was not aware of 16 April 1984, and (3) because it put the defendant in double jeopardy in violation of the United States and North Carolina Constitutions.

We agree that the trial court erred in hearing the State's motion. The State has no statutory right to make a motion to set aside a judgment on the basis of newly discovered evidence. *See* N.C. Gen. Stat. Secs. 15A-1416 and -1445 (1983). Because the trial court could have set aside the judgment on its own authority, allowing the State's motion was harmless error. However, in striking the guilty plea and setting the case for trial, the trial court exceeded its authority. We therefore reverse the 17 April 1984 order in part, and remand to the trial court for reinstatement of the guilty plea, for the reasons discussed below.

II

Under N.C. Gen. Stat. Sec. 15A-1415 (1983), a defendant may seek appropriate relief by motion at any time after the entry of judgment based on newly discovered evidence. The grounds for relief are narrowly drawn:

> Evidence is available which was unknown or unavailable to the defendant at the time of the trial, which could not with due diligence have been discovered or made available at that time, and which has a direct and material bearing upon the guilt or innocence of the defendant.

G.S. Sec. 15A-1415(b)(6) (1984). *See* Eagles, *Disposition of Defendants Under Chapter 15A*, 14 W.F.L. Rev. 971, 1008-10 (1978). The granting of relief remains within the discretion of the trial court. *State v. Sprinkle*, 46 N.C. App. 802, 266 S.E. 2d 375, *disc. rev. denied*, 300 N.C. 561, 270 S.E. 2d 115 (1980). By contrast the State is authorized under G.S. Sec. 15A-1416 (1983) to "seek appropriate relief for any error which it may assert upon appeal" within ten days after entry of judgment. G.S. Sec. 15A-1445 (1983), governing the State's right to appeal from superior court, provides:

> (a) Unless the rule against double jeopardy prohibits further prosecution, the State may appeal from the superior court to the appellate division:
>
>> (1) When there has been a decision or judgment dismissing criminal charges as to one or more counts;
>>
>> (2) Upon the granting of a motion for a new trial on the grounds of newly discovered or newly available evidence but *only* on questions of law.
>
> (b) The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979.

In addition, under G.S. Sec. 15A-1416, the State may make a motion for appropriate relief to impose a sentence after prayer for judgment has been continued, G.S. Sec. 15A-1416(b)(1), and to modify a sentence pursuant to Article 82 on probation, Article 83 on imprisonment or Article 84 on fines, G.S. Sec. 15A-1416(b)(2). Although the State is authorized to seek appropriate relief upon the granting of a defendant's motion for a new trial based on newly discovered or newly available evidence, G.S. Secs. 15A-1416 and -1445(a)(2), there is no statutory provision authorizing the State to make a motion to set aside a judgment based on its own newly discovered evidence. Thus, the trial court erred in hearing the State's motion to set aside the judgment.

As noted, the trial court did more than merely grant the State's motion to set aside the judgment; the trial court struck the guilty plea, and set the case for trial on its own authority. During the session a judgment is *in fieri*; the trial court has the discretion to vacate or modify the sentence imposed. *State v. Hill*, 294 N.C. 320, 240 S.E. 2d 794 (1978); *State v. Brown*, 59 N.C. App. 411, 296 S.E. 2d 839 (1982), *cert. denied*, 310 N.C. 155, 311 S.E. 2d

294 (1984); *In re Tuttle*, 36 N.C. App. 222, 243 S.E. 2d 434 (1978); 24 C.J.S. *Criminal Law* Secs. 1587-90 (1961). *See Jenkins v. United States*, 555 F. 2d 1188 (4th Cir. 1977) ("[I]n a criminal case the sentence is the judgment."); *United States v. DiFrancesco*, 449 U.S. 117, 66 L.Ed. 2d 328, 101 S.Ct. 426 (1980) (lesser expectation of finality in sentencing phase — no violation of double jeopardy principles). Therefore, in vacating the sentence during the session in which it had been rendered, the trial court acted within its discretion.

Significantly, neither the statutory nor the case law empowers the trial court with the absolute discretion to strike a guilty plea once it has been unconditionally accepted and entered. "Undeniably, a defendant is considered to be convicted by the entry of his plea of guilty just as if a jury had found a verdict of guilty against him. . . ." *United States v. Hecht*, 638 F. 2d 651, 657 (3d Cir. 1981); *State v. Shrader*, 290 N.C. 253, 225 S.E. 2d 522 (1976); *State v. Shelly*, 280 N.C. 300, 185 S.E. 2d 702 (1972). Thus, a trial court's discretion to strike a guilty plea and set a case for trial derives, if at all, from its comparable authority to overturn a jury verdict and order a new trial.

We turn to the provisions of Article 89 of Chapter 15A of the North Carolina General Statutes, entitled *Motion for Appropriate Relief and Other Post-Trial Relief*. The introductory Official Commentary to Article 89 establishes that the motion for appropriate relief is intended to provide "a single, unified procedure for raising at the trial level errors which are asserted to have been made during the trial." N.C. Gen. Stat. Sec. 15A-1411 (1983) specifies:

> (c) The relief formerly available by motion in arrest of judgment, motion to set aside the verdict, motion for new trial, post conviction proceedings, *coram nobis* and all other post-trial motions is available by motion for appropriate relief. The availability of relief by motion for appropriate relief is not a bar to relief by writ of habeas corpus.

The relief offered when the trial court grants a motion for appropriate relief includes a new trial, dismissal of any or all charges or any other appropriate relief. N.C. Gen. Stat. Sec. 15A-1417 (1983).

Pursuant to G.S. Sec. 15A-1420(d) (1983), the trial court has the authority to grant appropriate relief on its own motion only if

the defendant would be entitled to such relief by motion for appropriate relief. It follows that the trial court does not have the authority to grant appropriate relief which benefits the State. In this case, striking the guilty plea to the lesser included offense and setting the case for trial on the original charge benefited the State exclusively.

We conclude that the trial court thereby exceeded its authority. We therefore reverse the 17 April 1984 order in part and remand the case to the trial court for reinstatement of the 16 April 1984 guilty plea to assault with a deadly weapon inflicting serious injury. Reinstatement of a guilty plea following the correction of an error of law does not violate the principles of double jeopardy. *United States v. Hecht.* As discussed earlier, the trial court acted within its discretion in setting aside the judgment. From the record it is apparent that the defendant and the State had entered into a plea arrangement. On remand, the defendant may withdraw his guilty plea at the resentencing hearing, if the judge decides to impose a sentence other than the original plea arrangement, N.C. Gen. Stat. Sec. 15A-1024 (1983), or he may seek to negotiate new terms and conditions under his original plea to the lesser included offense.

Reversed in part and remanded for reinstatement of guilty plea and resentencing.

Judges WEBB and PARKER concur.