State v. Oakley

STATE OF NORTH CAROLINA v. TERRY LYNN OAKLEY

No. 8622SC426

(Filed 3 February 1987)

**1. Criminal Law § 178— greater sentence following appeal—law of the case**

In an appeal from a greater sentence at a resentencing hearing following appeal, the conclusions in the original appeal regarding double jeopardy and the effect of an accepted plea bargain were the law of the case.

**2. Criminal Law § 138.11— guilty plea—appeal—greater sentence**

In a prosecution for assault, the imposition of a greater sentence following appeal was supported by new matters at the resentencing hearing where the only evidence at the first sentencing hearing was the prosecutor's statement that defendant had knocked the victim to the floor and kicked her in the back, that the victim had required emergency medical treatment in the hospital and had a fractured vertebrae with possible permanent damage, and that the victim's medical bills were over $10,000; and the victim's testimony at the second hearing tended to show: defendant had threatened to shoot her, held a rifle to her face, repeatedly slapped her, repeatedly called her names; the defendant hit the victim in the face and knocked her to the floor, picked her up, raised her over his head, "body slammed" her to the floor on her back, again held the gun to her face and threatened to kill her, hit and kicked her to the floor when she got to her knees, all in the presence of her 4-year-old son; defendant repeatedly kicked the victim in the back with the heel of his boot; the victim was able to go next door for help when defendant finally fell asleep; the victim was taken by an ambulance to a hospital where she was treated for three crushed vertebrae; the victim was in the hospital for a month where she received a bone fusion and steel rods were placed in her back; she wore a fiberglass body brace for 6 months; her medical bills were approximately $33,000, less than half of which was covered by Medicaid; and the victim still owed $15,000 in medical bills.

APPEAL by defendant from *John, Judge.* Judgment entered 13 December 1985 in DAVIDSON County Superior Court. Heard in the Court of Appeals 8 December 1986.

*Attorney General Lacy H. Thornburg by Assistant Attorney General John F. Maddrey for the State.*

*Stephen C. Holton for defendant appellant.*

COZORT, Judge.

This appeal presents the question of whether a trial court can impose a more severe sentence at a resentencing hearing after an appeal than that sentence originally agreed to by the

State, the defendant, and the court in a plea arrangement made when the case first came to trial. We affirm the trial court's imposition of a more severe sentence.

The three issues raised by the defendant on appeal are: (1) that the imposition of the more severe sentence violated the constitutional guarantees against double jeopardy; (2) that the imposition of the more severe sentence was improper because there were no new matters raised at resentencing which justified a more severe sentence; thus, the defendant was improperly punished for exercising his right to appeal; and (3) that the General Statutes of North Carolina provide that once a trial court accepts a plea bargain, it is bound by the terms of the bargain.

This case is before this Court for the second time. The facts of the crime were stated in substantial detail in our first opinion, *see State v. Oakley*, 75 N.C. App. 99, 330 S.E. 2d 59 (1985), and will not be repeated here. A brief procedural summary will be sufficient to dispose of the issues raised in this appeal. Defendant was charged in a proper bill of indictment dated 3 January 1984 with assault with a deadly weapon with intent to kill inflicting serious injury. On 16 April 1984 defendant entered a guilty plea to the lesser offense of assault with a deadly weapon inflicting serious injury. The guilty plea was entered pursuant to a plea arrangement providing that defendant be given a suspended sentence with supervised probation at the discretion of the trial court and that defendant pay restitution of $10,380.06 to the victim to cover her medical expenses. On 16 April 1984, Superior Court Judge William H. Helms imposed a prison sentence of 6 years, suspended, with the defendant placed on supervised probation for 5 years, and ordered that defendant pay restitution of $10,380.06, reimburse the State for court-appointed counsel, pay the costs, and that he not assault the victim during the period of probation. The next day the victim requested a hearing with the trial court to express her dissatisfaction with the sentence imposed, alleging that her medical bills totaled more than $40,000. The State made a motion to set aside the judgment. The court granted the motion and ordered that a warrant be issued charging the defendant with the original crime, assault with a deadly weapon with intent to kill inflicting serious injury. On 20 April 1984, defendant filed notice of appeal. In an opinion filed 4 June 1985, we held that the trial court had the authority to set aside

the judgment on its own motion. *Id.* at 101, 330 S.E. 2d at 61. We further held, however, that the trial court erred by striking the guilty plea and setting the case for trial on the original charge. We remanded the case for reinstatement of the 16 April 1984 guilty plea on the lesser charge. *Id.* at 104, 330 S.E. 2d at 63. We further stated:

> Reinstatement of a guilty plea following the correction of an error of law does not violate the principles of double jeopardy. (Citation omitted.) As discussed earlier, the trial court acted within its discretion in setting aside the judgment. From the record it is apparent that the defendant and the State had entered into a plea arrangement. On remand, the defendant may withdraw his guilty plea at the resentencing hearing, if the judge decides to impose a sentence other than the original plea arrangement, N.C. Gen. Stat. Sec. 15A-1024 (1983), or he may seek to negotiate new terms and conditions under his original plea to the lesser included offense.

*Id.*

When the case was remanded to the Superior Court of Davidson County, it came on to be heard by Superior Court Judge Joseph R. John at the 9 December 1985 session. Defendant moved to dismiss the charges against him, and the trial court denied the motion. After conducting a resentencing hearing, the trial court advised the defendant and defendant's counsel that he had decided to impose a sentence other than that provided for in the original plea arrangement of 16 April 1984. The court informed the defendant that the defendant was entitled to withdraw his guilty plea and have the matter continued until the next session of court. Defendant's counsel requested a continuance in order to discuss the matter with the defendant. The trial court continued the case for three days. When the hearing resumed, defendant informed the court that he did not wish to withdraw his plea. The court found a factor in aggravation and factors in mitigation and further found that the factor in aggravation outweighed the factors in mitigation. The court then imposed an active sentence of ten (10) years, the maximum punishment permissible under the law.

[1] The first and third issues raised by defendant in this appeal were decided on the first appeal of this case. In our opinion of 4

June 1985, we held that "[r]einstatement of a guilty plea following the correction of an error of law does not violate the principles of double jeopardy." *Id.* at 104, 330 S.E. 2d at 63. We also held that, on remand, the trial court could impose a sentence other than the original plea arrangement, if it follows G.S. 15A-1024, by giving the defendant an opportunity to withdraw his plea and have the matter continued to the next session of court. *Id.* We are bound by the conclusions reached in that appeal. These two issues are the law of the case and will receive no further discussion. *State v. Moore*, 64 N.C. App. 516, 519-20, 307 S.E. 2d 834, 836 (1983), *disc. rev. denied*, 310 N.C. 628, 315 S.E. 2d 694 (1984).

[2] The only remaining issue is whether the imposition of the more severe sentence was error because no new matters were raised in the resentencing hearing. The defendant's argument has no merit. A review of the record reveals that new matters were raised at the resentencing hearing. At the initial sentencing hearing of 16 April 1984, the evidence before the court consisted of a statement from the district attorney, summarizing the crime as follows:

> This crime occurred on September 24, 1983; the defendant, Terry Lynn Oakley, and the prosecuting witness and victim, Jackie Gathings, knew each other for some time. At this time, Mr. Oakley had been drinking and became mad or angry at the victim, accusing her of dating or going out with another man on him. He became violent and knocked her to the floor. The State's evidence indicates that after she was knocked to the floor, he kicked her in the back. She required emergency treatment in the hospital and accumulated numerous bills for back injuries, including fracture to one of her vertebrae; there could be possible permanent damage; at this time it is unknown as to the extent of the damage; she has undergone an operation and total medical bills you have before you is over $10,000. She is still receiving treatment now, to my understanding. I believe you are aware of his prior record of felonious breaking and entering.

At the resentencing hearing on 9 December 1985, the trial court heard testimony from the victim that defendant threatened to shoot her, held a rifle to her face, repeatedly slapped her, and repeatedly called her "Bitch" and "Whore." Inside victim's house,

the defendant hit the victim in the face, knocking her to the floor. The defendant then picked up the victim, raised her over his head, and "body slammed" her to the floor on her back. The defendant again held the gun to her face and threatened to kill her. The victim got up to her knees, and defendant hit her and kicked her to the floor. All of this occurred in the presence of the victim's four-year-old son. The defendant repeatedly kicked the victim in the back with the heel of his boot. When the defendant finally went to sleep in the bedroom, the victim was able to go next door for help. She was taken by ambulance to a hospital where she was treated for three crushed vertebrae. She stayed for a month in the hospital where she received a bone fusion, and steel rods were placed in her back. She wore a fiberglass body brace for over six months. Her medical bills, less than half of which were covered by Medicaid, were approximately $33,000. She still owes $15,000 in medical bills.

We find this evidence sufficient to constitute "new matters" at the resentencing hearing and thus to rebut defendant's contention that the longer sentence was an impermissible punishment for defendant's having exercised his right to appeal. There is no merit to defendant's argument.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges MARTIN and ORR concur.