THE STATE OF NORTH CAROLINA v. SHELDON EARL LANIER

No. 888SC1032

(Filed 16 May 1989)

**Arrest and Bail § 11.4— appearance bond—petition for remission of judgment of forfeiture—extraordinary cause—failure to make appropriate findings**

Where petitioner-surety filed a petition for remission of a judgment of forfeiture of an appearance bond pursuant to N.C.G.S. § 15A-544(h), the trial court erred in failing to make appropriate findings of fact and conclusions of law under the proper test as to whether "extraordinary cause" was shown.

APPEAL by petitioner surety-obligor from *Fellers, Carlton, Judge*. Order entered 29 July 1988 in Superior Court, WAYNE County. Heard in the Court of Appeals 13 April 1989.

This is an appeal by petitioner surety-obligor from an order denying petitioner-surety's petition for remission.

*H. Jack Edwards for respondent appellee Wayne County Board of Education.*

*Jean P. Hollowell for petitioner-surety appellant.*

JOHNSON, Judge.

On 31 October 1986, petitioner-surety American Bankers Insurance Company, by and through its North Carolina agent, Piedmont Investment, a partnership owned and operated by Benny West and Steven Eller, signed a $10,000.00 appearance bond for one Sheldon Earl Lanier, who was charged with felonious breaking and entering, larceny, and receiving and possession of stolen goods. The defendant Lanier failed to appear for his trial on 31 March 1987, and was called and failed. An order for forfeiture and notice and an order for defendant's arrest were issued. On 27 July 1987,

a judgment of forfeiture was entered. On 5 August 1987, the judgment of $10,000.00 was remitted in the amount of $5,000.00 pursuant to G.S. sec. 15A-544(e).

On 9 February 1988, the defendant was arrested in Phoenix, Arizona by petitioner-surety's North Carolina agent(s) who returned the defendant to North Carolina and surrendered him to the custody of the Wayne County jail. On 11 February 1988, petitioner-surety, through its North Carolina agent, filed a petition for remission of the judgment of forfeiture pursuant to G.S. sec. 15A-544(h). At the 14 July 1988 Criminal Session of Superior Court, Judge Fellers conducted a hearing on the petition, after which he denied any remission. From this denial, petitioner-surety appeals.

By its first Assignment of Error, petitioner-surety contends that the trial court erred in failing to make any findings of fact and conclusions of law in its order denying the petition for remission. We must agree.

G.S. sec. 15A-544(e) and (h) provide the two situations in which the court is authorized to order remission after entry of judgment of forfeiture. *State v. Moore*, 57 N.C. App. 676, 292 S.E. 2d 153 (1982). Under subsection (e), the court is guided in its discretion as "justice requires," and under subsection (h), the court is guided in its discretion as to whether the evidence presented constitutes a showing of "extraordinary cause." *Id.* Petitioner-surety in the case *sub judice* sought remission pursuant to subsection (h) which provides in pertinent part that

> [f]or extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate. Any person moving for remission of judgment must do so by verified petition. . . .

This Court has held in cases reviewing orders of judgments entered pursuant to subsection (h) that the trial court should make brief, definite, pertinent findings of fact and conclusions of law to support its order. *Moore, supra; State v. Rakina and State v. Zofira*, 49 N.C. App. 537, 272 S.E. 2d 3 (1980), *disc. rev. denied*, 302 N.C. 221, 277 S.E. 2d 70 (1981).

After conducting a hearing on petitioner-surety's motion, Judge Fellers commented, "[t]his money goes to the school board, right?

Well, I think the school board needs this money more than the [s]urety and I am not going to make any remissions. Petition denied." Judge Fellers then entered the following order:

> This cause coming on to be heard and being heard before the undersigned Judge Presiding upon Motion of Piedmont Investment Company, Inc., Surety, in the above-captioned matter for a Remission of the Bond;
>
> And after reviewing the Court record and hearing argument from Jean P. Hollowell, Attorney for the petitioner-surety, and Jack Edwards, Attorney for the respondent-Wayne County Board of Education, it appears to the Court that this Petition for Remission should not be granted;
>
> Therefore, it is ORDERED, ADJUDGED AND DECREED that the Petition for Remission is hereby denied.

In support of its petition, petitioner-surety submitted affidavits and some twenty pages of exhibits detailing the time, effort and expense its agent(s) incurred in finding, arresting and returning the defendant to the proper authorities. The alleged expenses total $3,030.92.

The school board, as the trial judge observed, may indeed need the funds more than the surety. However, this is not the test required by G.S. sec. 15A-544(h). The required test is whether "extraordinary cause" is shown. Without the trial court making appropriate findings of fact and conclusions of law under the proper test, we are unable to give effective review of the trial court's decision. Therefore, this matter must be remanded to the trial court for it to review the evidence of record, make appropriate findings of fact and conclusions of law, and to enter an order supported by the conclusions of law.

By its second Assignment of Error, petitioner-surety contends the trial court erred in the denial of its petition for remission. We do not reach this issue in that the matter must be remanded to the trial court for it to make a determination, from the evidence of record, whether "extraordinary cause" is shown.

Reversed and remanded.

Judges BECTON and ORR concur.