STATE OF NORTH CAROLINA v. MAX ARTHUR BUCHANAN, JR.

No. 9127SC743

(Filed 15 December 1992)

1. **Criminal Law §§ 868, 869 (NCI4th) — repetition of instruction — request by jury — consultation with counsel not required**

    Where the jury during deliberations requested a restatement of the law of acting in concert, the trial court's reinstruction which was almost verbatim of the original, proper instruction on acting in concert was not needlessly repetitious or erroneous. Furthermore, the trial court was not required to consult with counsel prior to giving the reinstruction because an instruction repeated at the jury's request is not an additional instruction within the meaning of N.C.G.S. § 15A-1234(c).

    **Am Jur 2d, Trial §§ 1108, 1109.**

    **Giving, in accused's absence, additional instruction to jury after submission of felony case. 94 ALR2d 270.**

2. **Criminal Law §§ 1599, 1600 (NCI4th) — restitution — condition of work release or parole — amount unsupported by evidence**

    The written judgment and commitment recommending restitution as a condition of work release or parole controlled

STATE v. BUCHANAN

[108 N.C. App. 338 (1992)]

over the court's statement at the sentencing hearing mandating restitution, and such a recommendation was proper. However, the amount recommended by the court as restitution was not supported by competent evidence where the trial court based the amount on unsworn statements by the prosecutor as to the victim's medical expenses and lost wages. N.C.G.S. §§ 148-33.2(c), 15A-1343(d).

**Am Jur 2d, Pardon and Parole § 80.**

Appeal by defendant from judgment entered 14 May 1991 by Judge Loto G. Caviness in Gaston County Superior Court. Heard in the Court of Appeals 14 October 1992.

On the morning of 1 January 1990, defendant, Charles Harrison and several others were involved in a fight in the parking lot of a convenience store. The State's evidence showed that defendant struck Charles Harrison about his body and approximately ten to fifteen times in the face while using brass knuckles. As a result, Mr. Harrison's upper jaw was crushed, some teeth were lost, and his shoulder was dislocated. Mr. Harrison was required to undergo extensive medical work to repair his teeth and jaw and is now required to wear a brace to hold the remaining teeth. He has had constant pain from his teeth and problems with gum infections and bleeding, in addition to problems with his shoulder. The defendant offered evidence that although he was present at the convenience store during the fight, he did not participate in it. Co-defendant David Kale's testimony corroborated defendant's story.

Defendant was convicted of assault with a deadly weapon inflicting serious injury and was sentenced to ten years imprisonment. The court also recommended that "defendant be required to pay, as a condition of parole if parole is granted, or from his earnings if work release is granted" his ratable share of $11,875.45 as restitution.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Elaine A. Dawkins, for the State.*

*Childers, Fowler & Childers, P.A., by David C. Childers, for defendant appellant.*

STATE v. BUCHANAN

[108 N.C. App. 338 (1992)]

WALKER, Judge.

Defendant brings forth two assignments of error on appeal: (1) the trial court erred by repeating part of the prior instruction to the jury dealing with acting in concert, and did so without consulting counsel prior to the reinstruction; and (2) the court erred by requiring that defendant pay his ratable portion of restitution as a condition precedent to work release, early release or parole.

[1] In support of defendant's first assignment of error, he directs attention to the fact that, after deliberating one hour, the jury requested reinstruction on the law as it pertains to acting in concert. The court complied with this request without consulting counsel for either the State or defendant, and approximately fifteen minutes later the jury returned with a guilty verdict. Defendant thereby contends that these facts indicate that he was prejudiced by the court's reinstruction to the jury, which unduly emphasized the principle of acting in concert to the exclusion of the other instructions in the case. Additionally, he asserts that it was error for the trial court not to consult with counsel prior to repeating the instruction.

Absent some error in the charge, the trial court may repeat instructions previously given to the jury in its discretion. *State v. Bartow*, 77 N.C.App. 103, 334 S.E.2d 480 (1985). It is recognized, however, that a needless repetition of instructions is undesirable and may be held to be erroneous. *State v. Dawson*, 278 N.C. 351, 180 S.E.2d 140 (1971). In the instant case, the jury requested "a restatement of the law pertaining to the responsibility of individuals in a group crime." The trial court's reinstruction in this regard was almost verbatim that of the original instruction and stated:

> If two or more persons act together with a common purpose to commit an assault with a deadly weapon inflicting serious injury, each of them is held responsible for the acts of the other done in the commission of the assault with a deadly weapon inflicting serious injury. So I instruct that, if you find from the evidence beyond a reasonable doubt that on or about January 1, 1990, Max Arthur Buchanan, Jr., and David Kale, Jr., acting either by themselves or acting with other persons, did commit an assault with a deadly weapon inflicting serious injury, it would be your duty to return a verdict of guilty to the charge. If you do not so find or cannot say where

the truth lies, it will be your duty to return a verdict of not guilty.

We do not find this instruction to be erroneous nor do we find its repetition to be needless, in light of the fact that it was specifically requested by the jury. Furthermore, an instruction which is repeated at the jury's request does not constitute an additional instruction within the meaning of N.C.G.S. § 15A-1234(c), such that the trial court did not err in failing to consult with counsel prior to the reinstruction. *State v. Farrington*, 40 N.C.App. 341, 253 S.E.2d 24 (1979).

[2] Defendant's second assignment of error asserts that the trial court erred by requiring that he pay his ratable portion of restitution as a condition precedent to work release or parole. We note at the outset that the trial court orally mandated payment of restitution as a condition of work release or parole at the sentencing hearing. However, the judgment and commitment form states payment of restitution only as a recommendation. We find the written judgment and commitment form to be controlling, as it modifies anything earlier ordered by the trial court. *See State v. Oakley*, 75 N.C.App. 99, 330 S.E.2d 59 (1985). Defendant's sentence thereby recommends restitution as a condition of work release or parole and is not inconsistent with the laws of this State. *See* N.C.G.S. § 148-33.2(c); N.C.G.S. § 15A-1343(d).

Defendant argues that there is insufficient evidence to support the amount awarded as restitution, as the sum ordered was based solely on the prosecutor's statements that, "As through today's date, we have receipts for medical bills that total $5,275.45" and that the victim "was out of work for six months as a result of this and has lost wages of $6,600.00." In the absence of an agreement or stipulation between defendant and the State, evidence must be presented in support of an award of restitution. Further, it is elementary that a trial court's award of restitution must be supported by competent evidence in the record. N.C.G.S. § 15A-1343(d); *State v. Easter*, 101 N.C.App. 36, 398 S.E.2d 619 (1990). In the instant case, an exhaustive review of the record reveals that no evidence was presented at trial or at sentencing which supports the figures offered by the State. The trial court therefore based the amount of restitution only upon the unsworn statements of the prosecutor, which does not constitute evidence and cannot support the amount of restitution recommended. *Cf.*

*State v. Canady*, 330 N.C. 398, 410 S.E.2d 875 (1991) (trial court may not find aggravating factor where the only evidence to support it is the prosecutor's mere assertion that the factor exists). Accordingly, we vacate that portion of the judgment recommending the payment of restitution as a condition of work release or parole.

In the trial of this matter we find:

NO ERROR. VACATED AND REMANDED AS TO THE RECOMMENDATION OF RESTITUTION.

Judges GREENE AND WYNN concur.