STATE v. HARKNESS

[133 N.C. App. 641 (1999)]

———

STATE OF NORTH CAROLINA v. LEANDRUS HARKNESS, AMERICAN BANKERS INSURANCE CO. & BENNY WEST, SURETIES

No. COA98-1281

(Filed 15 June 1999)

**Bail and Pretrial Release— petition for partial remission of bail bond—applicable standard**

The denial of a petition for partial remission of a bail bond was reversed where the trial court erred by applying N.C.G.S. § 1-52, rather than the "extraordinary cause" standard under N.C.G.S. §15A-544 (h). N.C.G.S. § 15A-544(e) creates the right to seek remission within ninety days after entry of judgment on an appearance bond; after that time has passed, remission may be granted only when, in the discretion of the trial court, the requirement of N.C.G.S. § 15A-544 (h) for a showing of "extraordinary cause" is met.

Appeal by petitioner-sureties from judgment entered 17 July 1998 by Judge Thomas W. Ross in Forsyth County Superior Court. Heard in the Court of Appeals 20 May 1999.

STATE v. HARKNESS

[133 N.C. App. 641 (1999)]

*Douglas S. Punger for appellee Winston-Salem/Forsyth County Board of Education.*

*James S. Pfaff for petitioner-surety-appellants.*

McGEE, Judge.

American Bankers Insurance Company/City Bonding Company, through its agent Benny West (petitioners), appeal a judgment denying a petition for remission of bond filed 4 May 1998. Leandrus Harkness (Harkness) was arrested 9 April 1992 on a charge of conspiracy to traffic in cocaine, and his bond was set at $50,000. Petitioners posted two bonds for Harkness, one in the amount of $25,000 and a second for $20,000. Harkness failed to appear on his court date. An order for arrest was issued and orders of forfeiture were entered 5 August 1993.

Harkness had been arrested for armed robbery and other felonies in Florida on 7 July 1993. Judgment absolute was entered in Forsyth County against petitioners on 18 November 1993 in the amount of $45,000, the total amount of the bonds posted. Petitioners filed a petition for remission of bond 11 April 1994. Remission was granted on 19 May 1994 to petitioners in the amount of $15,000 with respect to the $20,000 bond; remission was denied as to the $25,000 bond.

Petitioners obtained custody of Harkness on 1 December 1997 upon his release from the Florida Department of Corrections. Petitioners transported him to North Carolina and surrendered him to the Sheriff of Forsyth County. Harkness pled guilty on 1 July 1998 to the felonious possession of cocaine with the intent to sell or deliver.

Petitioners filed a petition seeking further remission of the bonds on 21 April 1998, "pursuant to N.C.G.S. § 15A-544(h) . . . for extraordinary cause shown." The Winston-Salem/Forsyth County Board of Education filed a motion to dismiss petitioners' request for remission, asserting that the petition was barred by the statute of limitations.

In its judgment denying petitioners' remission petition, the trial court made the following findings of fact and conclusion of law:

12. The pending Petition was filed four years and five months after the entry of Judgment Absolute and three years and eleven months after the judgment of remission.

13. North Carolina General Statute § 1-52, together with North Carolina General Statute § 1-46, state that the period for commencement of an action involving bail is limited to three (3) years.

. . .

Based upon the foregoing findings of fact, the Court concludes as a matter of law that the pending petition was filed outside of the time period allowed by statute and is therefore barred.

From this judgment petitioners appeal.

Petitioners argue that "[t]he trial court erred in ruling that N.C. Gen. Stat. §§ 1-52 and 1-46 establish a statute of limitations of three years for an action involving bail . . . and in applying that statute of limitation to the present case[.]" We agree.

N.C. Gen. Stat. § 1-46 (1996) states that "[t]he periods prescribed for the commencement of actions, other than for the recovery of real property, are as set forth in this Article." N.C. Gen. Stat. § 1-52 (Cum. Supp. 1998) lists causes of action which must be brought within three years. N.C. Gen. Stat. § 1-52(7) addresses actions "[a]gainst bail." It states:

Against bail; within three years after judgment against the principal; but bail may discharge himself by a surrender of the principal, at any time before final judgment against the bail.

Black's Law Dictionary defines "bail" as follows: "The surety or sureties who procure the release of a person under arrest, by becoming responsible for his appearance at the time and place designated." Black's Law Dictionary 140 (6th ed. 1990). A plain reading of the statute indicates that N.C. Gen. Stat. § 1-52 applies to actions against the surety, as evidenced by the words "against bail." In the case before us, the action was not against the surety. Rather, petitioners were seeking remission of bond after delivering Harkness to the Sheriff's in Forsyth County.

N.C. Gen. Stat. § 15A-544 (Cum. Supp. 1998) sets forth two ways a surety on a bond in a criminal case may apply to the court for remission of the bond after forfeiture. N.C. Gen. Stat. § 15A-544(e) states:

At any time within 90 days after entry of the judgment against a principal or surety, the principal or surety, by verified written petition, may request that the judgment be remitted in whole or in part, upon such conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment.

N.C. Gen. Stat. § 15A-544(h) provides that:

For extraordinary cause shown, the court which has entered judgment upon a forfeiture of a bond may, after execution, remit the judgment in whole or in part and order the clerk to refund such amounts as the court considers appropriate.

*See State v. Moore,* 64 N.C. App. 516, 520, 307 S.E.2d 834, 836 (1983), *disc. review denied,* 310 N.C. 628, 315 S.E.2d 694 (1984) (affirming trial court's conclusion that surety had shown extraordinary cause pursuant to N.C. Gen. Stat. § 15A-544(h)).

Petitioners argue that when an order of remission is entered more than ninety days after entry of judgment upon a forfeiture of an appearance bond, the judgment can be set aside if "extraordinary cause" is shown pursuant to N.C. Gen. Stat. § 15A-544(h). *Moore* at 519, 307 S.E.2d at 835; *State v. Vikre,* 86 N.C. App. 196, 198, 356 S.E.2d 802, 804, *disc. review denied,* 320 N.C. 637, 360 S.E.2d 103 (1987); *State v. Fonville,* 72 N.C. App. 527, 529, 325 S.E.2d 258, 259 (1985). Since N.C. Gen. Stat. §§ 15A-544(e) and 15A-544(h) say " 'may' remit, the decision to do so or not is a discretionary one[,] and [w]e review only for an abuse of discretion." *State v. Horne,* 68 N.C. App. 480, 483, 315 S.E.2d 321, 323 (1984).

N.C. Gen. Stat. § 15A-544(e) creates the right to seek remission within ninety days after entry of judgment on an appearance bond; after that time has passed, remission may be granted only when, in the discretion of the trial court, the requirement of N.C. Gen. Stat. § 15A-544(h) for a showing of "extraordinary cause" is met. These rules advance the purpose of the bond system to ensure the production of the defendant for trial. *See State v. Locklear,* 42 N.C. App. 486, 489, 256 S.E.2d 830, 832 (1979) ("[t]he goal of the bonding system is the production of the defendant, not increased revenues for the county school fund"); *State v. Pelley,* 222 N.C. 684, 688, 24 S.E.2d 635, 638 (1943) ("[t]he very purpose of the bond was not to enrich the treasury of [the] County, but to make the sureties responsible for the appearance of the defendant at the proper time").

**STATE v. HARKNESS**

[133 N.C. App. 641 (1999)]

Our Court addressed the "extraordinary cause" test of N.C. Gen. Stat. § 15A-544(h) in *State v. Lanier*, 93 N.C. App. 779, 379 S.E.2d 109 (1989). In *Lanier*, the surety signed a $10,000 appearance bond for defendant in October 1986 and defendant failed to appear for trial. A judgment of forfeiture was entered against the bond. The judgment of $10,000 was remitted in the amount of $5,000 in August 1987 pursuant to N.C. Gen. Stat. § 15A-544(e). Defendant was arrested by the surety in February 1988 and was surrendered to law enforcement in Wayne County. The surety filed a petition for remission of the judgment of forfeiture pursuant to N.C. Gen. Stat. § 15A-544(h). The trial court denied any remission, stating that "the school board needs this money more than the [s]urety[.]" *Id.* at 781, 379 S.E.2d at 110. Our Court reversed and remanded, stating that the "required test" under N.C. Gen. Stat. § 15A-544(h) was whether "extraordinary cause" had been shown, and that this required test had not been applied. *Id.* at 781, 379 S.E.2d at 110-11. Our Court instructed the trial court upon remand to "make appropriate findings of fact and conclusions of law, and to enter an order supported by the conclusions of law[]" under the proper test of "extraordinary cause" shown. *Id.* at 781, 379 S.E.2d at 111.

In the case before us, the trial court erred by applying N.C. Gen. Stat. § 1-52, rather than the "extraordinary cause" standard under N.C. Gen. Stat. § 15A-544(h). We reverse and remand this case for the trial court to make appropriate findings of fact and conclusions of law consistent with the requirements of N.C. Gen. Stat. § 15A-544(h). For this reason we need not consider petitioners' other arguments.

Reversed and remanded.

Judges WALKER and EDMUNDS concur.