An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1233
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

STATE OF NORTH CAROLINA

v.                                      Stokes County
                                        Nos. 12 CRS 50761-66, 50768
CHARLES JUSTIN BOOTHE


Appeal by defendant from judgments entered 8 August 2013 by Judge A. Moses Massey in Stokes County Superior Court. Heard in the Court of Appeals 7 April 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General David L. Gore, III, for the State.*
>
> *Jon W. Myers for defendant-appellant.*


ELMORE, Judge.


On 10 October 2013, pursuant to a plea agreement, Charles Justin Boothe (defendant) pleaded guilty to six counts of breaking and/or entering a motor vehicle, one count of breaking and/or entering, one count of possession of stolen goods, one count of larceny of a motor vehicle, six counts of injury to personal property, one count of injury to real property, and one count of first-degree trespass. The charges were consolidated

into two judgments and the trial court sentenced defendant to consecutive active terms of eleven to twenty-three months imprisonment and eight to nineteen months imprisonment. The trial court also ordered defendant to pay restitution in the amount of $4,500.00. Defendant gave notice of appeal in open court.

On appeal, defendant argues the trial court erred in ordering payment of a restitution amount not supported by competent evidence. We agree.

"[T]he amount of restitution recommended by the trial court must be supported by evidence adduced at trial or at sentencing." *State v. Wilson*, 340 N.C. 720, 726, 459 S.E.2d 192, 196 (1995) (citation omitted). In the present case, the prosecutor stated that the victims indicated "there's 3,500 in damages that's not covered by insurance and they had a $1,000 deductible," and "we're looking at about $4,500 covering restitution." However, review of the record reveals that no evidence was presented which supports the figure offered by the State. This Court has held that the "[u]nsworn statements of a prosecutor, standing alone, cannot support an award of restitution." *State v. McNeil*, 209 N.C. App. 654, 668, 707

S.E.2d 674, 684 (2011) (citing *State v. Buchanan*, 108 N.C. App. 338, 341-42, 423 S.E.2d 819, 821 (1992)).

Further, the State's argument that defendant's silence or lack of objection to the  presentation of the restitution worksheet constitutes a stipulation to the restitution amount is without merit.  *See State v. Mauer*, 202 N.C. App. 546, 552, 688 S.E.2d 774, 778 (2010) (holding defendant's silence does not constitute a stipulation to the amount of restitution). Accordingly, the restitution portion of the judgment must be vacated and remanded to the trial court for redetermination.

Remanded for redetermination of restitution.

Judges McGEE and DAVIS concur.

Report per Rule 30(e).