BRYANT, Judge.
Defendant Leon Jackson appeals from a judgment entered upon a jury verdict finding him guilty of assault with a deadly weapon inflicting serious injury ("AWDWISI"). We find no error at trial, but vacate and remand the restitution portion of defendant's judgment.
On 9 September 2016, defendant was involved in an altercation with Jermarlon Harris, who had hired defendant to work with him on a roofing job. During the fight, defendant struck Harris multiple times in the left arm with the claw end of a roofing hammer. The injuries resulting from defendant's use of the hammer required surgery, and Harris had screws, metal plates, and stitches inserted inside his arm. Harris also suffered nerve damage which left him unable to lift more than ten pounds.
A grand jury subsequently indicted defendant for AWDWISI. Beginning 24 July 2017, defendant was tried by a jury in Pitt County Superior Court. On 25 July 2017, the jury returned a guilty verdict. The trial court sentenced defendant to a term of 20 to 36 months, but suspended the sentence and placed defendant on supervised probation for 36 months. Defendant was additionally ordered to pay $20,714.82 in restitution. Defendant did not appeal immediately after the trial court entered its judgment, but he returned to court the next day and gave oral notice of appeal.
_________________________
As an initial matter, we must address defendant's notice of appeal. Appellate Rule 4(a) provides that a defendant may appeal from an order or judgment in a criminal action by (1) "giving oral notice of appeal at trial ," or (2) "filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment[.]" N.C.R. App. P. 4(a) (2019) (emphasis added). In this case, defendant did not give oral notice of appeal until he returned to court the day after judgment was entered. Under these circumstances, his oral notice of appeal was not given "at trial" and thus did not comply with Rule 4(a). See State v. Holanek , 242 N.C. App. 633, 640, 776 S.E.2d 225, 231 (2015). Defendant also did not file a written notice of appeal. Accordingly, this Court lacks jurisdiction over his appeal of right. Id . at 640, 776 S.E.2d at 231-32.
Alternatively, defendant has filed a petition for writ of certiorari asking this Court to review of his appeal. See N.C.R. App. P. 21 (2019) ("The writ of certiorari may be issued in appropriate circumstances by [this Court] to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]"). In our discretion, we allow defendant's petition and review the merits of his appeal.
I
On appeal, defendant argues the trial court erred by ordering him to pay $20,714.82 in restitution when that amount was not supported by competent evidence. The State concedes the court erred, and we agree.
Although defendant did not object to the restitution amount below, this Court has held that "[a] trial court's entry of an award of restitution is deemed preserved for appellate review under N.C. Gen. Stat. § 15A-1446(d)(18) even without a specific objection." State v. Sydnor , 246 N.C. App. 353, 358, 782 S.E.2d 910, 915 (2016) (citation omitted). When the trial court orders restitution, "[t]he amount ... must be supported by competent evidence presented at trial or sentencing." State v. Mauer , 202 N.C. App. 546, 551, 688 S.E.2d 774, 777 (2010). "In the absence of an agreement or stipulation between defendant and the State, evidence must be presented in support of an award of restitution." State v. Buchanan , 108 N.C. App. 338, 341, 423 S.E.2d 819, 821 (1992).
In this case, it is undisputed that defendant did not stipulate to an amount of restitution. The record contains an unsigned restitution worksheet indicating that Harris was to be the recipient of $1,000.00 in restitution and that Vidant Medical Center, for which no address was provided, was to receive $19,714.82. At sentencing, the prosecutor addressed restitution as follows:
[PROSECUTOR]: Your Honor, as far as the restitution sheet, we called about it, and Mr. Harris had applied for victim's compensation and got it.
THE COURT: How much was it?
[PROSECUTOR]: About a $30,000.00 payment. And that's, that $19,000.00 is what's remaining at Vidant. I think all the other matters were paid. The $1,000.00 is for his out-of-pocket medicine he paid.
THE COURT: Does he have a receipt, any kind of receipt for that?
[PROSECUTOR]: He's got a whole lot of them, Judge.
THE COURT: Okay, all right.
[PROSECUTOR]: He's got a whole file full of them.
The referenced receipts were not presented to the trial court.
"[T]his Court has held that 'a restitution worksheet, unsupported by testimony or documentation is insufficient to support an order of restitution.' " State v. Davis , 206 N.C. App. 545, 552, 696 S.E.2d 917, 922 (2010) (quoting Mauer , 202 N.C. App. at 552, 688 S.E.2d at 778 ). The restitution worksheet in this case was only supported by the prosecutor's unsworn statements, and such statements "[do] not constitute evidence and cannot support the amount of restitution recommended." State v. Replogle , 181 N.C. App. 579, 584, 640 S.E.2d 757, 761 (2007) (internal quotation marks and citation omitted).
Accordingly, the trial court erred by ordering defendant to pay $20,714.82 in restitution. The restitution portion of defendant's judgment is vacated and, the case is remanded for a new hearing on restitution. Defendant's conviction is otherwise left undisturbed.
NO ERROR IN PART; VACATED AND REMANDED IN PART.
Report per Rule 30(e).
Judges TYSON and ARROWOOD concur.